## In re Application of Great Eastern Building Company, Inc.

[326 A.2d 152]

No. 182-73

Present: **Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.**

Opinion Filed October 1, 1974

*Julian R. Goodrich, Esq.,* of *Paterson, Gibson, Noble & Brownell,* Montpelier, for Great Eastern Building Company, Inc.

*Langrock & Sperry,* Middlebury, for David and Patricia Slingluff and Robert and Janet Verdi.

**Daley, J.** This is an appeal from an order of the Environmental Board denying party status to the appellants pursuant to chapter 151 of Title 10 of the Vermont Statutes Annotated. The appellants, Slingluff and Verdi, homeowners with property located approximately one quarter of a mile down Town Highway No. 29 from the proposed building site, have appeared at two hearings before District Environmental Commission No. 5 and on appeal to the Environmental Board in attempts to contest their denial of party status on an application for a land use development permit. They assert potential adverse injury, created by unreasonable highway congestion and unsafe traffic conditions, as an inevitable result of the construction of the forty-eight condominium units planned by the appellee, the Great Eastern Building Company, Inc. Based on the adjacent property owners' alleged entitlement to party status, they seek a reopening of the proceedings before the District Commission so they may participate as parties.

The appellants argue that they should have been admitted as parties to the hearing provided for in 10 V.S.A. § 6085.

Alternatively, they claim party status derived from an *in pari materia* reading of 3 V.S.A. § 801(5) with 10 V.S.A. § 6085(c). In addition, the appellants assert a right of intervention in the land use development hearing.

■ The appellants first contend that they are entitled to participate as parties under 10 V.S.A. § 6085(c). In pertinent part, § 6085(c) provides:

> Parties shall be those who have received notice, adjoining property owners who have requested a hearing, and such other persons as the board may allow by rule.

According to 10 V.S.A. § 6084(a), the appellants fall outside the ambit of those designated to receive the notice referred to in 10 V.S.A. § 6085(c) as they are neither a municipality nor a local or regional planning commission. They did not qualify under 10 V.S.A. § 6084(b), for both the District Commission and the Environmental Board found them inappropriate persons to receive notice as parties. The orders of an administrative agency are infused with a presumption of validity and cannot be overcome unless clear and convincing evidence is presented. *In re Appeal of Devoid,* 130 Vt. 141, 148, 287 A.2d 573 (1972). While it is true that the notice would have cloaked them with party status, the appellants have not shown an abuse of discretion by the District Commission when it failed to provide the appellants with formal notice of the appellee's application prior to the second hearing.

■ The appellants are not encompassed in the adjoining property owner category because of a stipulation that they made before the Environmental Board. They stipulated that they were not adjoining property owners. Once parties agree to a stipulation, they are bound by it, and the course of the trial is determined by it. *Eurich* v. *Coffee-Rich, Inc.,* 130 Vt. 537, 542, 298 A.2d 846 (1972).

The appellants are not among those admitted by rule since, at the time of this application, the Environmental Board had not adopted any rules conferring party status on anyone not statutorily authorized to participate in the proceedings.

■ The appellants also argue that 10 V.S.A. § 6085 and 3 V.S.A. § 801 should be read *in pari materia. In re Preseault,*

130 Vt. 343, 292 A.2d 832 (1972). While *In re Preseault*, *supra*, establishes that these statutes should be construed with reference to each other as parts of one system, it does not convey an automatic right of participation to those not admitted as parties on the threshold level. The joining of Act 250 with the Administrative Procedure Act fails to enlarge those categories of persons entitled to party status as of right.

Title 3 V.S.A. § 801(5) defines a party as:

> each person or agency named or admitted as a party, or properly seeking and entitled as of right to be admitted as a party.

The appellants are not entitled as of right to party status under 10 V.S.A. § 6085(c). Party status is acquired by those who have received notice, by adjoining property owners who have requested a hearing and by those who are admitted in the discretion of the agency. Since the appellants do not qualify as members of these categories, allegations of harm do not constitute injury absent a legally protected right. See generally, *Sierra Club* v. *Morton*, 405 U.S. 727 (1972).

■ The appellants here claim a right to be free from the consequences of increased traffic flow. But this Court has held, in condemnation cases, that benefits which fluctuate with the changing currents of travel are not matters in which any individual has any vested right. *Demers* v. *City of Montpelier*, 120 Vt. 380, 141 A.2d 676 (1958); *Nelson* v. *State Highway Board*, 110 Vt. 44, 53, 1 A.2d 689 (1938). Hence, the appellants' assertion of the violation of a legally protected right cannot be sustained.

The appellants cite numerous federal cases, such as *Association of Data Processing Service Organization, Inc.* v. *Camp*, 397 U.S. 150 (1970), and *Sierra Club* v. *Morton*, 405 U.S. 727 (1972), which have afforded standing to seek judicial review under the Federal Administrative Procedure Act. The Federal Administrative Procedure Act, like the Vermont Administrative Procedure Act, requires that a person suffer from a legal wrong before procedural relief can be provided. Here the appellants have failed to assert any palpable legal injury. While the meaning of legal wrong is construed expansively to include any injury arguably within the zone of in-

terest which is protected or regulated by the statute, purportedly violated by the Environmental Board or the District Commission, the intention of the Legislature is to be ascertained from a consideration of the whole act and its component parts, the subject matter and its effect and ramifications. *In re Preseault, supra,* 130 Vt. at 347.

The nature and purpose of Act 250 is to protect and conserve the environment of the State and to insure that lands slated for development are devoted to uses which are not detrimental to the public welfare and interest. Section 1 of the Public Acts of 1969 (Adj. Sess.). The concern for sound and viable planned development which best serves the public interest is expressed in the ten precepts contained in 10 V.S.A. § 6086. These conditions impose on the municipality the responsibility of providing a comprehensive system of municipal services. With this in mind, the interests of the individual property owners concerning traffic flow in the community are subsumed by those of the larger unit, the municipality.

■ The appellants' third argument rests on a right of intervention in an administrative proceeding. This contention is buttressed by no statutory support; consequently, any claim of right to intervention is unfounded. Reference to the statute reveals that any equitable shortcomings resulting from limitations imposed on attainment of party status are remedied by the participation of the municipality and planning commissions given notice under 10 V.S.A. § 6084(a). Support is lent to this view by examining V.R.C.P. 24(a)(2), which grants intervention of right in certain statutorily enumerated situations "unless the applicant's interest is adequately represented by existing parties." V.R.C.P. 24(a)(2).

The appellants have not shown this Court that they are entitled to party status in these proceedings as a matter of statutory right or otherwise. Nor have they shown an abuse of discretion in the failure to allow them to participate or intervene in these proceedings by the Environmental Board.

*The order of the Vermont State Environmental Board dismissing the appeal is affirmed.*