## In re Pilgrim Partnership

[572 A.2d 909]

No. 88-545

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed February 9, 1990

*Sidel & Associates*, Waitsfield, for Appellant.

*C. James Mathis, Law Offices of Kurrle and Halpert*, Montpelier, for Appellee.

**Morse, J.** Pilgrim Partnership appeals an order of the Environmental Board remanding Pilgrim's Act 250 land use permit application to the District Commission. On remand the Board required Pilgrim to submit a revised plan with appellee, A.G. Anderson, Inc., as a co-applicant. The Board forbade Pilgrim from using a roadway to its warehouse until the Commission approved a revised plan pursuant to 10 V.S.A. § 6086(a)(5) (criterion 5). We affirm the remand but clarify that Pilgrim may show alternative means of compliance with criterion 5.

In 1986, Pilgrim acquired a lot and warehouse in Waterbury, Vermont. A right of way crossing Anderson's property provides access to the Pilgrim property. Anderson operates a number of businesses adjacent to and located on both sides of Pilgrim's property. Pilgrim needs a land use permit in order to store dry goods in its warehouse.

In August, 1987, Pilgrim applied to the District Environmental Commission V for its permit, which was issued on December 1, 1987. Anderson appealed. The Board limited the appeal to consideration of so-called criterion 5, 10 V.S.A. § 6086(a)(5)—traffic safety—and whether Anderson was a necessary co-applicant under Board Rule 10(A).

The evidence established that, even without added traffic over the Anderson right of way, the area was unreasonably congested and unsafe. Anderson's businesses generate a total of about 550 vehicular trips (275 round trips) per day involving all kinds of vehicles from cars to tractor-trailers. The right of way is relatively narrow in places and includes a 57 degree curve.

Depending on the size of the vehicles, there are times when they cannot pass one another within the right of way, especially at the curve. Against this crush of traffic, Pilgrim would add 30 vehicular trips a day or about 5% of the total.

The Board concluded that adding more traffic to Anderson's right of way would violate criterion 5 because unsafe conditions already existed. As a result, the Board ruled that Anderson was a necessary co-applicant for the permit under Environmental Board Rule 10(A) because compliance with criterion 5 "must involve lands beyond [it] that are owned . . . by Anderson."

### I.

■ Pilgrim maintains that a mere 30 additional vehicular trips per day did not create the traffic congestion, and thus criterion 5 was not violated. We do not read criterion 5 so narrowly.

Criterion 5 states:

> Before granting a permit, the board . . . shall find that the . . . development:
>
> . . . .
>
> (5) Will not *cause* unreasonable congestion or unsafe conditions with respect to use of the highways . . . existing or proposed.

10 V.S.A. § 6086(a)(5) (emphasis added). Criterion 5 does not require that proposed development be the principal cause or original source of traffic problems. Several causes may contribute to a particular effect or result. The Board found that the development would contribute to the existing traffic problem. It would be absurd to permit a hazardous condition to become more hazardous.

■■ One purpose of Act 250 is to insure that "lands and environment are devoted to uses which are not detrimental to the public welfare and interests." 1969, No. 250 (Adj. Sess.), § 1; see *In re Juster Associates*, 136 Vt. 577, 580, 396 A.2d 1382, 1384 (1978); *In re Great Eastern Building Co.*, 132 Vt. 610, 614, 326 A.2d 152, 154 (1974). Safe travel on this right of way is in the public interest. Exacerbating the existing traffic hazard by allowing additional travel on Anderson's road would be detri-

mental to the public interest. Thus, the Board reasonably concluded that the development did not meet criterion 5. Nevertheless, as explained below, the Board may not deny an Act 250 permit solely on this basis. 10 V.S.A. § 6087(b).

## II.

Pilgrim challenges the Board's determination that Anderson must be a co-applicant under Environmental Board Rule 10(A). That rule requires that the "record owner" of the tract of involved land be a co-applicant unless good cause is shown for a waiver of the requirement. It goes on to empower the Board to require persons having a "substantial property interest" in the involved land to become co-applicants on a finding that the property interest "is of such significance that the application cannot be accepted without their participation." The Board acted within its discretion to order that Anderson participate as a co-applicant during further proceedings before the Commission under Rule 10(A). Pilgrim's proposal used Anderson's road as access to its project, and even Pilgrim admits that remedial measures regarding the road must be taken. If Anderson is not the "record owner" of the involved land, it has a property interest of such significance that the Board could require Anderson to join in the application.

We cannot accept, based on this record, that Pilgrim has shown good cause to waive Anderson's participation in the application. Although Pilgrim labels Anderson as an opponent, the record does not demonstrate that Anderson will refuse to participate in Pilgrim's application. If good cause arises because of Anderson's obstructiveness, Pilgrim can seek relief at that time.

## III.

Finally, Pilgrim alleges that the Board has required it to widen the access road, using land owned by Anderson, and that such a requirement cannot be imposed for violation of criterion 5. In this argument, Pilgrim relies on 10 V.S.A. § 6087(b) that provides that a permit may not be denied solely for the reasons set forth in criterion 5 but that "reasonable conditions and re-

quirements" may be attached to alleviate the burdens created. It argues that a requirement it cannot meet, for example, widening the road, is per se unreasonable and the equivalent of a denial and cannot stand.

Pilgrim's argument is incomplete because it does not consider the effect of § 6086(c), which allows the Board to condition a permit on "such requirements and conditions as are allowable within the proper exercise of the police power and which are appropriate with respect" to any of the criteria, including criterion 5. We are not prepared to define the limits of the police power on this record, especially because Pilgrim is speculating on the requirements the Commission will impose.

Pilgrim is correct that the Board appears to require Anderson to be a co-applicant because it found that the existing road is inadequate to accommodate the traffic and improvements would involve other land owned by Anderson. This language is not necessary to the Board's order that Anderson be a co-applicant and is premature. See *In re R.E. Tucker, Inc.*, 149 Vt. 551, 555, 547 A.2d 1314, 1317 (1988). It may be, based on evidence before the Commission, that the parties will come up with a method of curing the traffic hazards that does not involve use of more of Anderson's land and it also may be that more land is available. We believe that Pilgrim still has the right to propose alternatives, despite the Board's dicta, and thus must await the specific requirements imposed before further review is appropriate.

*Affirmed.*