# STATE OF VERMONT

SUPERIOR COURT                                      ENVIRONMENTAL DIVISION
Vermont Unit                                           Docket No. 35-3-13 Vtec

---

| N.E. Materials Group Amended A250 Permit |
|---|

## ENTRY REGARDING MOTION

Title:          Motion in Limine (Motion 13)
Filer:          North East Materials Grp. LLC
Attorney:    James P.W. Goss
Filed Date:  April 10, 2015

Response filed in Opposition on 04/27/2015 by Attorney Douglas Ruley for party 2 Co-counsel

**The motion is DENIED.**

Twenty-six citizens, collectively "Neighbors for Healthy Communities" (Appellants), appeal the District # 5 Environmental Commission's decision approving the application by North East Materials Group, LLC (NEMG) for a hot mix asphalt plant at the Rock of Ages Corporation (ROA) quarry in the Town of Barre, Vermont (asphalt plant matter). NEMG and ROA cross-appeal.

NEMG now moves to exclude all testimony and evidence from Michael Oman with respect the issue of traffic under Act 250 Criterion 5. (Mot. in Limine, filed Apr. 10, 2015). NEMG asserts that Mr. Oman's testimony and evidence "fail nearly every test for expert opinion evidence under V.R.E. 702 and <u>Daubert v. Merrel Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) and <u>Kumbo Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999), which standards were adopted by the Vermont Supreme Court in <u>State v. Streich</u>, 163 Vt. 331, 343 (1995)." <u>Id</u>.

Specifically, NEMG argues that Mr. Oman adopts other opinions as his own without demonstrating independent judgment, bases his expert testimony on assumptions rather than reliable scientific methods, and relies on a study based on data that has not been shown to have used reliable methods or applied those methods reliably to the data. <u>Id</u>. at 4, 6, 7.

Appellants oppose this motion, and argue that Mr. Oman's testimony is grounded in the analysis of Criterion 5 as established by the Vermont Supreme Court in <u>In re Pilgrim Partnership</u>, 153 Vt. 594, 596 (1990) and the analysis of traffic safety mandated by the Vermont Agency of Transportation (VTrans). Appellants refute NEMG's allegations that Mr. Oman's testimony does not meet the requirements of V.R.E. 702, arguing that he is a highly qualified expert and that his testimony and evidence are based on sufficient facts or data and the

product of reliable principles and methods, and that Mr. Oman has applied these principles and methods reliably to the facts of the case.

Pursuant to V.R.E. 702, scientific or technical testimony or evidence is admissible if it "will assist the trier of fact to understand the evidence or to determine a fact in issue." V.R.E. 702 further states that

> a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

This closely follows the federal rule, delineated in Daubert and adopted by the Vermont Supreme Court in State v. Brooks, 162 Vt. 26, 30 (1993). The Daubert standard requires that judges act as gatekeepers of expert testimony, admitting it only if it is both reliable and relevant. State v. Scott, 2013 VT 103, ¶ 9, 195 Vt. 330. NEMG has offered several challenges Mr. Oman's testimony and evidence. These challenges go to the weight and credibility of that testimony and are not sufficient to support an absolute exclusion of Mr. Oman's testimony. Contrary to NEMG's selective reading of the transcript of Mr. Oman's deposition by NEMG's counsel, Mr. Oman's expert opinions are based upon sufficient facts, are the product of principles and methods Mr. Oman and others in his field rely upon, and Mr. Oman has indicated how the application of those principals supports his opinions. If NEMG wishes to challenge the substance of those opinions it must do so through cross-examination or contradictory evidence rather than barring Mr. Oman from testifying at the upcoming merits hearing. NEMG's motion in limine is therefore **DENIED**.

Electronically signed on April 30, 2015 at 09:34 AM pursuant to V.R.E.F. 7(d).

_Tom Walsh_
_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Douglas Avery Ruley (ERN 6694), Attorney for Appellants Pamela Austin, Russell Austin, Julie Barre, Suzanne Bennett, Jane Berard, Lori Bernier, Marc Bernier, Charles Brown, Melyssa Danilowicz, Michael Danilowicz, Cathy DeGreenia, Forrest DeGreenia, Earl Everhart, Cynthia Fitzgerald, Kaley Grenier, Kirt Johnson, Victoria Johnson, Steve Martin, Frederick McGrath, Gustave Osterberg, Rock Pariseau, Dana Robinson, Ricky Safford, Padraic Smith, Suzanne Smith, and Denise Viens-Kirkpatrik
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Russell Austin
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Julie Barre

Douglas Avery Ruley (ERN 6694), Attorney for Appellant Suzanne Bennett
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Jane Berard
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Lori Bernier
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Marc Bernier
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Charles Brown
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Melyssa Danilowicz
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Michael Danilowicz
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Cathy DeGreenia
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Forrest DeGreenia
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Earl Everhart
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Cynthia Fitzgerald
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Kaley Grenier
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Kirt Johnson
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Victoria Johnson
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Steve Martin
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Frederick McGrath
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Gustave Osterberg
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Rock Pariseau
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Dana Robinson
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Ricky Safford
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Padraic Smith
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Suzanne Smith
Douglas Avery Ruley (ERN 6694), Attorney for Appellant Denise Viens-Kirkpatrik
Elizabeth Lord (ERN 4256), Attorney for Interested Person Agency of Natural Resources
Gregory J. Boulbol (ERN 1712), Attorney for Interested Person DO NOT USE Natural Resources Board
James P.W. Goss (ERN 1997), Attorney for Cross Appellant North East Materials Grp. LLC Interested Person Barre Housing Authority
Elaine O'Grady (ERN 5799), Attorney for party 28 Co-counsel
James P.W. Goss (ERN 1997), Attorney for Cross Appellant Rock of Ages Corp.
Alan Philip Biederman (ERN 1015), Attorney for party 31 Co-counsel
Megan O'Toole (ERN 5149), Attorney for party 28 Co-counsel
Laura Bucher Murphy (ERN 5042), Attorney for party 2 Co-counsel