In re ESTATE OF John A. SWININGTON

(Talon Hill Gun Club, Inc., Appellant)

[733 A.2d 62]

No. 98-098

May 18, 1999. Talon Hill Gun Club, Inc., a co-permittee under a 1990 Act 250 permit, appeals from an Environmental Board order denying it party status in a permit proceeding subsequent to Talon

Hill's bankruptcy and the death of the other co-permittee, John A. Swinington. We affirm.

In September 1990, the District 9 Environmental Commission issued a land use permit to Talon Hill and John Swinington as co-permittees. The permit applied to land in Leicester owned in fee simple by Swinington, subject to a lease held by Talon Hill. The permit authorized Swinington and Talon Hill to construct, operate and maintain a skeet and trap shooting facility, with an attendant access road.

Between 1990 and 1996, the initial permit was amended several times to allow changes in the operation of the shooting range and to extend construction deadline dates. In January 1996, the Commission granted an extension of the construction completion date to November 1, 1997.

In February 1997, John Swinington died. Then in September 1997, the United States Bankruptcy Court in Vermont terminated the lease between Swinington's estate and Talon Hill, granting immediate possession of the subject property to the estate. On October 6, 1997, the estate advised the Commission of the bankruptcy court's order terminating Talon Hill's lease and asked the Commission to grant a further extension of the construction completion deadline for the project.

On October 9, 1997, the Commission notified Talon Hill that it was granting the estate's request, and on October 28, 1997, Talon Hill filed written comments with the Commission objecting to the extension and requesting a hearing. Talon Hill's primary assertion in the comment was that corporate entity Talon Hill, not the landowner, had the right to construct and operate the subject gun club. Talon Hill stated that it was seeking an alternative location to operate a gun club, and argued that it had a property interest in the name and the concept of Talon Hill Gun Club, Inc. The Commission reviewed the comments submitted but declined to conduct a hearing with respect to the extension request because substantive issues had not been raised.

On November 19, 1997, the Commission issued a land use permit to the Swinington estate, authorizing the extension of the construction completion date of the access road to November 1, 1999. Talon Hill was not included as a co-permittee on this permit. Talon Hill then appealed to the Board pursuant to 10 V.S.A. § 6089(a), alleging that the Commission had not considered substantive issues raised by Talon Hill and had failed to hold the requested hearing.*

The chair of the Environmental Board convened a prehearing conference and indicated that she would decide the preliminary issue of Talon Hill's standing to bring the appeal based on certain noticed documents and Talon Hill's pleadings. Talon Hill articulated its position on this question as follows: it was the principal co-permittee for the skeet and trap facility authorized in the land use permit and all succeeding amendments and therefore possessed all rights under those permits, even though it no longer held a lease in the Swinington real property and even though permits are not transferrable to another tract of land. The Swinington estate's representative argued that Talon Hill did not have party status to bring an

---

*Although Talon Hill asserts that the District Commission erred in refusing to grant its request for a hearing on Swinington's application for the permit amendment, Talon Hill does not brief the issue. We will not search the record for error, see *Cliche v. Fair*, 145 Vt. 258, 260 n.*, 487 A.2d 145, 147 n.* (1984), and we therefore do not address the issue in our decision. We note that Environmental Board Rule 51(D) gives the District Commission the authority to issue a minor permit without a hearing, despite a request for one, if the Commission determines substantive issues have not been raised.

appeal as the permit at issue "runs with the land" and Talon Hill's leasehold interest in the Swinington land was terminated with the bankruptcy court order.

On February 9, 1998, the chair ruled preliminarily that Talon Hill lacked standing under Environmental Board Rule 14(A)(1) or (2) and conditionally dismissed the appeal. A provision of the preliminary ruling stated that, if the parties did not submit written objections to the preliminary ruling by February 24 and seek review by the full board pursuant to Environmental Board Rule 16(B), then the appeal would be dismissed and jurisdiction would return to the District Commission. Neither Talon Hill nor Swinington filed objections by the February 24 deadline. Talon Hill appeals from the preliminary ruling.

Talon Hill asserts that the Environmental Board chair erred in deciding Talon Hill lacked standing, in denying its request for a full board hearing on the issue of standing, and in failing to reach the merits. The chair framed the issue of standing as follows:

> The question then is whether, once having received a land use permit, [Talon Hill] continues to have the requisite property interest to bring an appeal to the Board under Environmental Board Rule 14(A)(1) or (2), even though its leasehold interest in the land has been terminated.

The chair of the Board ruled that "a permittee or co-permittee's interest in a land use permit is divested at the time it voluntarily or involuntarily transfers its interests in the real property that is the subject of the permit." On appeal, Talon Hill offers no rationale for overturning the chair's determination on the underlying question of its standing.

The chair of the Board followed sound practice in first determining the issue of Talon Hill's standing to bring the matter before expending the full Board's time and resources on a hearing. See, e.g., *Whitaker v. Frito-Lay, Inc.*, 88 F.3d 952, 959 n.13 (11th Cir. 1996) ("Because the standing question goes to the court's jurisdiction, it is a threshold question that must normally be reviewed prior to the consideration of substantive questions.") (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 616 (1973)). Talon Hill's interest in the permit was at all times contingent upon its rights in the land subject to the permit, and that interest was defeasible upon loss of those rights, which occurred in this case upon the judgment of the bankruptcy court. When Talon Hill lost its lease on the Swinington property through the bankruptcy proceedings, it lost the only interest that it had in the land and in the related land use permit. Talon Hill thus had no standing to appeal the Commission's grant of the permit amendment to the Swinington estate. See *Hinesburg Sand & Gravel Co. v. State*, 166 Vt. 337, 341, 693 A.2d 1045, 1048 (1997); *In re Great E. Bldg. Co.*, 132 Vt. 610, 613, 326 A.2d 152, 154 (1974) (Environmental Board correctly ruled that party failing to assert "palpable legal injury" lacked standing). Further, the chair's ruling is consistent with the statutory scheme, see, e.g., 10 V.S.A. § 6090 (requiring recording of permit in land records and analogizing permittee to grantor), and rules governing Act 250, which provide that land use permits "run with the land" rather than exist as licenses personal to the licensees. See Environmental Board Rules 32(B), 33(C)(3), 6 Code of Vermont Rules 12003001, at 27, 29 (1996). The ruling is without error.

On appeal, Talon Hill focuses on the Board's failure to hold a merits hearing regarding the issues it raised. Finding that Talon Hill lacked standing, the chair then had no cause to evaluate the claims that Talon Hill articulated in its comment to the District Commission and in its arguments at the prehearing conference

concerning its alleged property interest in the name and concept of Talon Hill Gun Club, Inc. "As a public administrative body, the Board has only that adjudicatory authority conferred on it by statute." *In re Boocock*, 150 Vt. 422, 424, 553 A.2d 572, 574 (1988). As the chair noted, the Board's jurisdiction is limited to construction and application of Act 250 and Environmental Board rules. Adjudication of property rights arising from contract or secured by trademark or corporate law is not within the purview of the Board. See *Trybulski v. Bellows Falls Hydro-Elec. Corp.*, 112 Vt. 1, 9, 20 A.2d 117, 121 (1941).

The question in this appeal is not what rights the estate may have in the permit; the question is whether the loss of the lease deprives Talon Hill of a cognizable interest in the permit. The chair held that it does. We agree.

Talon Hill also complains that the hearing question was not subsequently heard on appeal by the Board after the preliminary decision by its chair. Talon Hill could have perfected an appeal on the hearing question had it taken advantage of Environmental Board Rule 16(B) and filed timely objections to the chair's preliminary order. It did not do so.

*Affirmed.*