STATE OF VERMONT
ENVIRONMENTAL COURT

| | | |
|---|---|---|
| | } | |
| **Dover Valley Trail** | } | **Docket No. 88-4-06 Vtec** |
| **(Appeal of JO #2-233)** | } | |
| | } | |

## Decision on Cross-Motions for Summary Judgment

This appeal concerns a bike and pedestrian path proposed jointly by the Town of Dover and the State of Vermont Agency of Transportation (VTrans). VTrans appealed from a decision of the Assistant District Coordinator of the District 2 Environmental Commission, dated March 22, 2006, denying VTrans's request to reconsider and reverse her decision in Jurisdictional Opinion (JO) #2-233 that the proposed bike path does not require its own Act 250 permit, but will necessitate permit amendments for those sections of the trail crossing lands already subject to Act 250 permits, at least where construction of the trail would constitute "material or substantial" changes.

VTrans is represented by Trevor R. Lewis, Esq.; the Land Use Panel of the Vermont Natural Resources Board (NRB) is represented by John H. Hasen, Esq.; and the Town of Dover (Town) is represented by Joseph S. McLean, Esq.

Now pending before the Court are summary judgment motions filed by both NRB and VTrans. The Town of Dover has also filed a memorandum in support of VTrans's motion for summary judgment and in opposition to the NRB's motion.

## Background

The Dover Valley Trail (the Trail) will involve the construction of a 3,892-foot shared use path in the Town of Dover. It is undisputed that the Trail is a public venture by both the Town and VTrans, will accommodate bicycle and pedestrian travel and is proposed for use by the general public. It is also undisputed that construction of the project will physically disturb less than two acres of land and that the Trail will cross various parcels of private property, some that are encumbered by Act 250 permits and some that are not. The trail itself will be about ten feet wide, although the disturbed area in most sections will be wider for shoulders and clear zones. At certain points, the Trail will cross over the North Branch of the Deerfield River, requiring the installation of a bridge, and will include adjustments to wetlands or stream buffers,

ditches, culverts and trees or other landscaping referenced in some of the pre-existing Act 250 Permits.[1]

The original Jurisdictional Opinion regarding the proposed Trail was issued on September 14, 1998, by way of a Project Review Sheet. It contains a finding that the proposed Trail constituted a "material" change to pre-existing Act 250 permits. There has been no evidence presented that this determination was appealed.[2] In response to a request for a "new" jurisdictional opinion for the trail, on February 14, 2006, the Assistant District Coordinator issued JO #2-233, finding that the Trail constituted "material or substantial changes" to those nine parcels encumbered by Act 250 that the Trail will cross. Of those nine parcels, JO #2-233 noted that many of the nine Act 250 permits contained specific prohibitions against removing vegetation or disturbing the natural landscape.

On March 22, 2006, the Assistant District Coordinator denied a request by VTrans to reconsider and reverse JO #2-233, restating that permit amendments were required for the parcels already encumbered by Act 250 permits where the construction of the Trail and its accompanying features (such as bike racks or a bridge) would constitute "material or substantial changes." VTrans thereafter appealed to this Court.

## Discussion

This appeal turns on the applicability of Environmental Board Rule ("EBR") 34(A)[3] to a trail and its accompanying features proposed to cross twelve properties in the Town of Dover, nine of which are encumbered by Act 250 permits. The issue before us on appeal is whether the proposed Trail, which VTrans and the Town appear to concede will constitute material changes

---

[1]  JO #2-233 provides a detailed summary of the properties subject to prior Act 250 permits and how the proposed Trail may cause a material or substantial impact. For the purpose of analyzing the legal issues raised by the pending motions, we need not review these determinations in detail. In fact, it does not appear from VTrans's Statement of Questions that these determinations of material or substantial impact were appealed in this proceeding, but only the general legal conclusion that amendments to the pre-existing permits were necessary. Since no party to this appeal appears to attack the materiality conclusions recited in JO #2-233, we need not review them in this appeal.

[2] The September 14, 1998 Project Review Sheet specifically notes that it "**IS A JURISDICTIONAL OPINION BASED UPON AVAILABLE INFORMATION. ANY . . . INTERESTED PERSON AFFECTED BY THE OUTCOME MAY APPEAL . . . (10 V.S.A. § 6007(C)."** (Emphasis in the original). The parties have not briefed whether the lack of an appeal of this 1998 determination would bar the present appeal. We cannot make a determination on this legal issue based upon the record now before us.

[3] As we noted in our decision in Glebe Mountain Wind Energy, LLC, Docket No. 234-11-05 Vtec, slip op. at 3, n. 1 (Vt. Envtl. Ct., Aug. 3, 2006), the former Environmental Board Rules have been supplanted by the Act 250 Rules promulgated by the Natural Resources Board. The new Rules took effect on May 1, 2006: further proposed Rule amendments are currently under consideration. However, we look to the former Environmental Board Rules in effect as of February 14, 2006, because we are required to apply the substantive standards applicable when the District 2 Assistant Coordinator issued JO #2-233. 10 V.S.A. § 9504(h).

2

to the Act 20 properties it will cross, will need to first obtain amendments to those Act 250 permits, pursuant to EBR 34(A) and (E). The parties have filed cross-motions for summary judgment on the applicability of both EBR 34(A) and (E).

Summary judgment is appropriate if the pleadings and other evidence "show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3); see also Wentworth v. Fletcher Allen Health Care, 171 Vt. 614, 616 (2000) (mem.) (citing Madden v. Omega Optical, Inc., 165 Vt. 306, 309 (1996)). There are no material facts in dispute in the appeal before us, but the parties disagree as to how the undisputed facts impact our legal analysis.

## Environmental Board Rule 34(A)

An Act 250 permit allows a property owner "to conduct the improvements specifically authorized by the permit, but no more than that." In re: Mountainside Properties, Inc. Land Use Permit Amendment, Docket No. 117-6-05, slip op. at 4 (Vt. Envtl. Ct., Dec. 13, 2005); see In re Stowe Club Highlands, 166 Vt. 33, 37 (1996). Once an Act 250 permit has issued, Act 250 jurisdiction "runs with the land." In re Estate of Swinington, 169 Vt. 583, 585 (1999) (mem.) (citing former EBR 32(B) and 33(C)); Re: New Haven Savings Bank, Docket No. E91-041, Order at 8 (Envtl. Bd., Nov. 23, 1992).[4] When a party wishes to conduct or engage in any other material activity not specified in the original permit, a permit amendment is required. Mountainside, Docket No. 117-6-05, slip op. at 4–5. This requirement is set forth in EBR 34(A), enacted pursuant to the legislative mandate contained in 10 V.S.A. 6025(b).[5] EBR 34(A) provides that "[a]n amendment shall be required for any material or substantial change in a permitted project, or any administrative change in the terms and conditions of a land use permit."

Both the NRB and VTrans have raised arguments in their pending motions regarding the applicability to this appeal of our decision in Glebe Mountain Wind Energy, LLC, Docket No. 234-11-05 Vtec (Vt. Envtl. Ct., Aug. 3, 2006). In Glebe Mountain, we held that a proposed wind energy project on property subject to pre-existing Act 250 permits did not require a permit amendment because the Legislature had conferred sole jurisdiction over such projects upon the

---

[4] Pursuant to 10 V.S.A. § 8504(m), prior decisions of the Environmental Board "shall be given the same weight and consideration as prior decisions of the environmental court." That is, they are not binding precedent, but they inform our consideration of similar issues in subsequent cases.

[5] 10 V.S.A. 6025(b) provides that "[t]he land use panel may adopt substantive rules, in accordance with the provisions of chapter 25 of Title 3, that interpret and carry out the provisions of this chapter that pertain to land use regulated under section 6086 of this title."

Public Service Board under 30 V.S.A. § 248. Glebe Mountain, slip op. at 7, 15. We also based our conclusion in Glebe on our determination that the Legislature had expressly exempted such facilities from Act 250 jurisdiction. Id. at 15 (citing Re: Keith Van Buskirk d/b/a American Wilderness Res., Inc., Decl. Ruling #302, Order at 10 (Vt. Envtl. Bd., Aug. 15, 1995).

VTrans cites Glebe Mountain in support of its argument that the Trail at issue here does not fall within the definition of "development" as defined by 10 V.S.A. § 6001(3)(A)(v);[6] therefore, VTrans argues, Act 250 does not apply to this Trail. VTrans's argument misconstrues our holding in Glebe Mountain; in Glebe, there was an independent source of jurisdiction over the wind turbine facility (30 V.S.A. § 248) and clear legislative history that the alternate statutory scheme, and not Act 250, should govern such facilities. Glebe Mountain, slip. op. at 9–15.

Moreover, were we to take VTrans's argument to its logical end, "material or substantial" alterations of a property subject to an existing Act 250 permit would never require a permit amendment under EBR 34(A), so long as the alterations did not fit within the definition of "development". By this reasoning, any permittee could construct a project on land that was intended to be protected from any further development, so long as the permittee divided the project into piecemeal sub-projects, none of which rose to the level of "development", as that term is defined in section 6001(3)(A). We cannot adopt this logic; it is not consistent with the letter and spirit of Act 250, as lawfully codified in EBR 34(A). We therefore conclude that where activities on a property have already met the "development" threshold that triggers Act 250 jurisdiction, any further activities on that property that rise to the level of "a material or substantial change" require an amendment to the prior Act 250 permit, absent a specific legislative mandate that states otherwise.

We also believe that VTrans's argument conflicts with previous Environmental Board decisions consistent with our conclusion. See, e.g., Re: Town of Barre Millstone Hill West Bike Path, Decl. Ruling #440, Mem. Decision at 3 (Vt. Envtl. Bd., Jan. 3, 2005) (finding that bike path constituted material or substantial change to permitted projects, requiring permit amendments); Re: Green Mountain Power Corp., Decl. Ruling #405, Order at 8 (Vt. Envtl. Bd., Sept. 19, 2002) (finding that easement use constituted material change to previously-permitted

---

[6] "Development," as it relates to municipal, county or state projects, is defined as "[t]he construction of improvements on a tract of land involving more than 10 acres that is to be used for municipal, county or state purposes." Id. § 6001(3)(A)(v).

property, requiring permit amendment).[7]  Some of this precedent from the former Environmental Board is over four years old.  The initial Project Review Sheet for this project dates back to 1998.  In the absence of a statutory change to negate this precedent, we conclude that our Legislature has thus far declined to overrule these determinations that municipal projects which travel over properties already subject to Act 250 will require amendments to the pre-existing land use permits.

In a de novo appeal, the Legislature has directed this Court apply the substantive standards that were applicable to the tribunal below.  10 V.S.A. § 8504(h).  In this case, the applicable standard is contained in EBR 34(A).  Unlike in Glebe, there is no specifically expressed exemption from the statutory definition of "development" relating to municipal projects of this nature.  There is also no alternate source of administrative review, as we found in Glebe.

Under EBR 34(A), the issue of whether permit amendments are required for the nine parcels subject to Act 250 permits requires an analysis of whether the changes proposed by construction of the Trail are "material or substantial."  The "'amendment jurisdiction' set forth in EBR 34 is the lawful interpretation of existing Act 250 jurisdiction."  Glebe Mountain, Docket No. 234-11-05 Vtec, slip. op. at 5.  However, as the former Environmental Board noted in its previous decisions, the key question when determining applicability of EBR 34(A) is not whether the proposed project would require an Act 250 permit in a vacuum; rather, "the question is whether the project will impact the [existing] permit" and the property the permit governs.  Green Mountain Power Corp., Order at 6.

Here, it is undisputed that this project will physically impact less than two acres of land.  Thus, while a municipal project of that size would not constitute "development" under the Act, we conclude that EBR 34(A), as a lawful codification of the statutory jurisdiction conferred under Act 250, requires that the Trail proponents first obtain amendments to the pre-existing permits where the proposed work constitutes a material or substantial change.  Given that it appears that neither VTrans nor the Town contested the Assistant Coordinator's determination that the specific work proposed for the Trail will constitute a material or substantial change to the

---

[7] VTrans also argues that, when a municipality acquires property through eminent domain, the exercise of its police power extinguishes all permits that previously encumbered the property.  However, there is no evidence before the Court that the Town or VTrans has in fact exercised its powers of eminent domain with respect to any of the twelve parcels that this Trail project is proposed to cross.  To base our legal conclusions in this case upon a hypothetical would cause this Court to cross into the prohibited territory of advisory opinions.  In re Appeal of Bennington School, Inc., 176 Vt. 584, 588 (2004) (mem.).  We decline to do so.

5

nine properties already subject to Act 250 jurisdiction, see JO #2-233 at pp. 1–11, we conclude that amendments to these permits must be obtained before the proposed Trail is constructed.

We note with interest each party's reference to 10 V.S.A. § 6083(f). NRB appears to read this provision in a manner more favorable to the Town and VTrans than those parties do themselves. NRB appears to concede that § 6083(f) "obviates the need for the landowner to sign on as a co-applicant" (NRB Mem. at 2), yet the Town appears to interpret subsection (f) as only relaxing the regulations when a municipality has actually taken a property by eminent domain or specifically announced its intention to do so. Section 6083(f) contains no such precondition, but merely states, as a qualifying phrase, that where a state agency, municipality or solid waste management district is "empowered to condemn the involved land," the actual landowner need not be required to sign the Act 250 application. Stated another way, when a state or municipal entity is proposing a project for which an Act 250 permit application is required, upon land of another, the landowner must sign the application as co-applicant, unless the state or municipal entity is empowered to condemn the involved land; not that it must first condemn the land, only that it has the power to do so.[8]

We conclude that the Assistant Coordinator arrived at a similar interpretation of § 6083(f), since she advised in JO #2-233 that the Dover Trail proponents would only need to file "one [permit amendment] application" and referenced a prior conclusion that the individual owners of the nine Act 250 properties need not "file separate Act 250 amendment[ applications] so long as the changes to their projects can be briefly described in the [Town or VTrans] bike path application." JO #2-233 at pp. 11–12. Both NRB and the Assistant Coordinator also advised that the application for amendment could be classified as a "minor" application, thereby not requiring a hearing before the District 2 Commission. Thus, the adverse impacts anticipated by the Town and VTrans, should an amendment application be required, do not appear likely and in any event are not a legal basis for this Court to determine that an amendment application is not required.

---

[8] Even if the property owner were not required to sign on as a co-applicant of a municipal project, 10 V.S.A. § 6084(a) and EBR 10(E) would require that the property owner receive notice and an opportunity to participate in the application proceedings.

## Environmental Board Rule 34(E) Analysis

The parties have also moved for summary judgment regarding the applicability of EBR 34(E) to the project. This rule, previously known as the "Stowe Club Highlands" analysis, governs "applications to amend permit conditions which were included to resolve issues critical to the district commission's or the board's issuance of prior permit(s) pursuant to the criteria of 10 V.S.A. 6086(a)." Id. It specifically provides that "[a]pplications to amend other permit conditions are not subject to the requirements of this section." EBR 34(E)(1).

It would appear that EBR 34(E) would not restrict the Trial project, since the Trail is completely distinct from the prior development on the Act 250 properties. It is unlikely that the proposed Trail would constitute the "relitigation" that Rule 34(E)(2) seeks to guard against. However, while the Trail's impact on each parcel could be discrete—a ten-foot wide path near the front of the property—the analysis contained in JO #2-233 of permit conditions, wetlands and rivers that may be impacted shows the need for a detailed[9] review of the potential impact the Trail may bring to individual Act 250 parcels.

Rule 34(E) requires an applicant wishing to obtain an amendment to a pre-existing Act 250 permit to first show that its proposed amendments do not unduly circumvent or seek to relitigate "permit conditions which were included to resolve issues critical to" the reasoning underlying the prior permit. VTrans's arguments against the application of Rule 34(E) have merit, but are misplaced; it may be likely that the District Commission finds that Rule 34(E) and the Stowe Club precedent do not prohibit the construction of the proposed Trail, but this reasoning cannot be the basis for concluding that the Trail project is somehow exempt from Rule 34(E). We have already determined that the proposed Trail will require an amendment application. We know of no exemption from EBR 34(E) when an amendment application is required. The unique and altruistic nature of the proposed Trail here may make for a brief, successful visit to Rule 34(E), but cannot be the basis for exemption from Rule 34(E) analysis.

For the foregoing reasons, the NRB's motion for summary judgment is **GRANTED**, both in respect to the applicability of EBR 34(A) and the applicability of EBR 34(E). VTrans's motion for summary judgment is **DENIED** in both respects.

---

[9] By the use of this phrase, we do not mean to imply that the review of the Trail's impact need be any more detailed than a site map and summary similar to that contained in JO #2-233.

The Statement of Questions in this appeal, filed by VTrans, does not follow the customary format of numbered, one-sentence paragraphs that expressly state the determinations of the tribunal below that are preserved for review in this appeal. We interpret VTrans's Statement as merely preserving for appeal the general applicability of EBR 34(A) and (E). We therefore conclude that we have addressed in this Decision all issues preserved for our review. If any party believes this conclusion has been made in error, they should present their argument in a motion to reconsider. In light of this conclusion, we regard the current appeal before this Court as concluded. Therefore, we also issue the accompanying Rule 58 Judgment Order.

Done at Berlin, Vermont this 16th day of January, 2007.

_____
Thomas S. Durkin, Environmental Judge