STATE OF VERMONT
ENVIRONMENTAL COURT



In re Big Spruce Road Act 250 Subdivision }      Docket No. 95-5-09 Vtec
   (Appeal of Grayson et al.) }

## Decision on Multiple Motions

Edward Grayson, Kevin Curran, and James Stewart, as well as their homeowners association, Spruce Peak House Owners Association, Inc. (collectively, "Neighbors"), have appealed a decision of the District 5 Environmental Commission ("District Commission"), which denied Neighbors' petition for party status and granted Spruce Peak Realty, LLC and Mount Mansfield Company, Inc. (collectively, "Applicants") an amendment to Act 250 Land Use Permit #5L1338(Altered). Neighbors are represented by Jeremy D. Hoff, Esq.; Applicants are represented by Christopher D. Roy, Esq.; the Natural Resource Board has informational status through John H. Hasen, Esq.

Currently pending before the Court are two motions filed by the principal parties to this litigation. Neighbors filed with their notice of appeal a motion for party status under Act 250 criterion 9(G), as is required by V.R.E.C.P. 5(d)(2). Applicants have responded in opposition with a motion for summary judgment. The two motions are now ripe for review.

## Factual Background

For the sole purpose of putting the pending motions into context, we recite the following facts, which we understand to be undisputed unless otherwise noted:

1.    Applicants own and operate the Stowe Mountain Resort off of Vermont Route 108 in the Town of Stowe. The Resort is located between Mount Mansfield and Spruce Peak, and it includes development projects on both sides of the Resort.

2.    Applicants' development is subject to Act 250 Land Use Permit #5L1338(Altered) (hereinafter the "Permit"), which was first approved on September 26, 2003, authorizing the master plan development of both the Mount Mansfield and Spruce Peak development projects. Since it was issued on September 26, 2003, the Permit has been amended approximately thirty-

1

six times.[1] These previously approved amendments authorized the ongoing development of land within the master plan site.

3. On December 23, 2008, Applicants filed yet another application to amend the Permit, application #5L1338(Alt)-15 (hereinafter "the Amendment Application"), which sought approval to subdivide the Spruce Peak side of the Resort into thirty lots. Applicants characterized the Amendment Application as a "housekeeping" measure because of its purported narrow scope. According to Applicants, the previous Permit amendments authorized multiple developments on these identified lots in the Spruce Peak portion of the Resort, but the prior Permit amendments did not explicitly approve their subdivision. Applicants therefore assert that the Amendment Application was intended to serve a limited purpose: to ratify the subdivision of property implicitly approved during the previous Permit amendments.

4. Big Spruce Road traverses the Spruce Peak portion of the Resort, thereby providing access to the previously approved developments on this portion of the Resort. Big Spruce Road also provides the sole means of access to Neighbors' properties, which adjoin the Spruce Peak side of the development. Big Spruce Road was denoted in the Amendment Application as a separate lot: Lot 53.

5. The development of Big Spruce Road was previously authorized by a prior Permit amendment when Applicants received approval to alter the Road's original path to make way for a new golf course within the development. This prior Permit amendment proceeding did not identify Big Spruce Road as a separate lot, but it did denote its existence and location.

6. The District Commission classified Applicants' Amendment Application as a "minor application," pursuant to Act 250 Rule 51(A), after determining that the Amendment Application did not present new issues that would present a significant adverse impact under any of the Act 250 criteria.[2] Act 250 Rule 51(A).

---

[1] Amendments relating to the Mount Mansfield portion of the Resort are denoted by sequential letters at the end of the Act 250 Permit #5L13338(Alt); amendments relating to the Spruce Peak portion of the Resort are denoted by sequential numbers at the end of the Act 250 Permit #5L13338(Alt). The Mount Mansfield portion of the Resort is located on the westerly side of Vermont Route 108, which serves as an access road to the resort; the Spruce Peak portion of the Resort is located on the easterly side of Route 108.

[2] Under Rule 51, a minor application may be granted without a hearing or the issuance of findings of fact and conclusions of law. Act 250 Rule 51(A), (B)(3)(b). The District Commission need only convene a hearing if, after publication of a proposed permit, a person eligible for party status convinces the district commission that the pending application will raise substantive issues on an Act 250 criterion applicable to that proceeding. Id. Rule 51(B)–(D).

7.     On January 21, 2009, Neighbors requested a hearing on the Amendment Application and petitioned for party status under Act 250 criterion 9(G).  Although the Court has not been provided with Neighbors' petition for party status, it appears from their filings that Neighbors raise three general concerns over the Amendment Application.

8.     First, Neighbors are concerned that the Amendment Application, if granted, would impact the future integrity of Big Spruce Road.  Neighbors have a deeded right-of-way over the Road,[3] and they contend that the Amendment Application could materially affect the way the Road is owned, maintained, and the extent to which it can be used in the future.  Neighbors have not provided the Court with a sworn affidavit or any other evidentiary material to support their concerns over the future quality of Big Spruce Road.

9.     Neighbors' second set of concerns relate to the past construction and development of Big Spruce Road, and they have filed with the Court an affidavit in support, alleging that Applicants have not honored certain representations made during the Permit proceedings that previously authorized the development of Big Spruce Road.  Applicants allegedly represented that a portion of Big Spruce Road would be partially paved and the remaining portion would be gravel.  Neighbors contend that "the road has not been paved as Applicant represented it would be, nor has an adequate gravel road been constructed."  Curran Aff. ¶ 5.  Neighbors further contend that the "road system is not complete nor is it being properly maintained."  Id. at ¶ 9.

10.    Finally, Neighbors allege in the affidavit that Applicants have not made the assurances necessary to satisfy Act 250 criterion 9(G).  According to the master plan Findings of Fact underlying the Permit, Applicants are required to "assure the District Commission in future proceedings that [the network of roadways and parking areas] will be properly maintained by a clear assignment of such responsibilities and duties which will include both reporting obligations . . . as well as actual implementation."  Re: Mt. Mansfield Co., d/b/a Stowe Mtn. Resort, No. 5L1338, Findings of Fact, Conclusions of Law and Order, at 113 (Dist. 5 Envtl. Comm'n Sept. 26, 2003).  Neighbors allege that the "[a]ctual implementation and assignment of responsibilities for [Big Spruce Road and other infrastructure] have not been addressed by the Applicant[s] and remain open issues."  Curran Aff. ¶ 12.  Neighbors request that this Court remand the Amendment Application back to the District Commission, so that the Commission may review

---

[3]  According to the deed, Applicants have assumed responsibility for the maintenance, repair, and replacement of Big Spruce Road, and they are obligated to keep it in safe condition, free of ice and snow.

3

Applicants' development to consider imposing conditions to minimize the impact on Neighbors' properties and interests.

11.     On April 24, 2009, the District Commission issued a decision denying Neighbors' January 21 petition for party status and request for a hearing on the application. The District Commission determined that Neighbors were not entitled to party status under criterion 9(G) because they neither had a particularized interest that may be affected by the subdivision sought in Applicants' Amendment Application, nor had they raised any substantive issues to warrant a hearing. Generally speaking, the District Commission determined that Neighbors' concerns were beyond the scope of the Amendment Application, which was limited to a request to denote the subdivision of the Spruce Peak portion of the Resort, which had previously received permit amendment authority to develop the individual components of that portion of the Resort.

12.     By its April 24 decision, the District Commission also approved the Amendment Application and authorized the subdivision of the Spruce Peak portion of the Resort into thirty lots.

13.     On May 26, 2009, Neighbors timely filed a notice of appeal with this Court, requesting that we grant Neighbors a de novo hearing on their petition for party status, vacate the District Commission's decision, and remand the matter to the District Commission for a hearing on the Amendment Application.

## Discussion

In the pending appeal, Neighbors seek party status under criterion 9(G) and request that a hearing be held on Applicants' Amendment Application. Neighbors are concerned about the condition of Big Spruce Road, and they maintain that the subdivision sought in the Amendment Application will materially affect the way Big Spruce Road is owned, maintained, and the extent to which it can be used in the future. Neighbors also claim that Applicants have not complied with the terms of the previous Permit amendment that authorized the original development of Big Spruce Road, alleging not only that Applicants have neither constructed nor maintained the Road as represented, but also that Applicants have not made adequate assurances related to the assignment of responsibilities for maintaining Big Spruce Road in the future.

Applicants oppose Neighbors' request for party status; they have filed a motion for summary judgment requesting that we deny Neighbors party status and grant the Amendment Application. Applicants contend that Neighbors are attempting to litigate their private easement

4

interests to the common use of Big Spruce Road in these Permit amendment proceedings, which Applicants claim is improper and beyond the scope of this Court's jurisdiction in these proceedings.

As we have often stated, and feel required to repeat here, summary judgment is only appropriate when, "giving the benefit of all reasonable doubts and inferences to the nonmoving party, [the trial court concludes that] there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Gade v. Chittenden Solid Waste Dist., 2009 VT 107, ¶ 7 (citing Mooney v. Town of Stowe, 2008 VT 19, ¶ 5, 183 Vt. 600 (mem.)); V.R.C.P. 56(c). To survive a motion for summary judgment, the opposing party may not rest on mere allegations; it must set forth specific facts by affidavit or other evidentiary material showing that there is a genuine issue for trial. V.R.C.P. 56(e). We apply these standards in determining whether Neighbors are entitled to party status on the Amendment Application, and if so, whether they have raised substantive issues to warrant a hearing on the pending application.

In order to secure party status in an Act 250 proceeding, an individual must demonstrate that they are an "adjoining property owner or other person who has a particularized interest protected by this chapter that may be affected by an act or decision by a district commission." 10 V.S.A. § 6085(c)(1)(E). An interest protected by Act 250 is sufficiently particularized if it is not a general policy concern shared by the public. See, e.g., In re Champlain Marina, Inc. Dock Expansion, No. 28-2-09 Vtec, slip op. at 5–6 (July 31, 2009) (Durkin, J.). To obtain party status under criterion 9(G), Neighbors must therefore demonstrate that a decision on the pending Amendment Application may have a direct effect on a particularized interest of theirs that is protected by Act 250 criterion 9(G).

Despite its focus on utility services, criterion 9(G) protects the interests of individuals to be served by those utilities and the municipality that may ultimately assume responsibility for maintaining those utilities. Criterion 9(G) requires an applicant to do one of two things: (1) demonstrate that any privately owned utility services or roads serving the proposed project conform to the host municipality's capital program or town plan or (2) provide adequate surety to protect the municipality in the event that the municipality is required to assume the responsibility for the privately-owned infrastructure. 10 V.S.A. § 6086(a)(9)(G). Criterion 9(G) therefore serves two protective functions: it protects a municipality from incurring unnecessary

5

costs when it is required to assume responsibility for a substandard road or utility and it protects the individual beneficiaries of the privately owned utilities or roads from subpar infrastructure.

We conclude that Neighbors fall within the ambit of those whose particularized interests are protected by criterion 9(G). Their properties are accessed solely by Big Spruce Road, which is currently a privately owned road within the Spruce Peak development project. Thus, Neighbors have a particularized interest in ensuring that Big Spruce Road does not fall into disrepair.[4] Their concern is sufficiently particularized because it is specific to the individuals who benefit from the access provided by Big Spruce Road; it is not a generalized grievance that is shared with the public at large.

However, our analysis does not end here; we must still determine whether these Permit amendment proceedings are likely to have an effect on Neighbors' identified interests. For the reasons stated below, we conclude that the current Permit amendment proceedings will not have an impact upon Neighbors' particularized interest and, as a consequence, Neighbors are not entitled to party status in these Permit amendment proceedings.

To obtain party status under criterion 9(G), Neighbors must demonstrate that the particularized interest they seek to protect "may be affected by an act or decision by a district commission." 10 V.S.A. § 6085(c)(1)(E) (emphasis added). Neighbors are therefore required to present evidence of some causal connection between Applicants' Permit amendment application for subdivision approval and an impact upon their interests that may be protected by criterion 9(G) in these proceedings.

We regard this showing as an "offer of proof." Neighbors need not prove that they will prevail at trial; they need only demonstrate that their interests "may be affected" by the Amendment Application. In re Costco Act 250 Permit Amendment, No. 143-7-09 Vtec, slip op. at 1 (Dec. 4, 2009) (Durkin, J.) (entry order). At the summary judgment stage of these proceedings, however, Neighbors must prove some support with affidavits and other evidentiary materials; they may not rely on the mere allegations of counsel. Progressive Ins. Co. v. Wasoka, 2005 VT 76, ¶ 25, 178 Vt. 337 (citations omitted). Neighbors have failed to make this showing.

---

[4] In this sense, Neighbors are not attempting, as argued by Applicants, to litigate a private property right in the pending proceedings. Indeed, the parties do not dispute that Neighbors have a deeded right-of-way over Big Spruce Road. In this regard, Neighbors are merely attempting to assure that their recognized easement interest will not be adversely impacted. Our remaining analysis focuses on whether these Permit amendment proceedings are the proper legal forum for Neighbors to raise such issues.

6

Neighbors argue that Big Spruce Road may fall into disrepair if the Amendment Application is granted because it may affect the way Big Spruce Road is owned, constructed, and maintained in the future. Neighbors provide no evidentiary materials to support this contention. The single affidavit submitted on behalf of Neighbors does not address the prospective effect of the Amendment Application; it pertains primarily to past events. It alleges that Applicants have neither constructed Big Spruce Road in accordance with representations made during the prior Permit amendment proceedings, nor assured the assignment of responsibilities for the implementation and maintenance of Big Spruce Road necessary to satisfy the prior Permit conditions or comply with the Findings of Fact from the original Permit proceeding. Curran Aff. ¶¶ 5, 9, 12.

As is explained below, any allegations concerning Applicants' previous development of Big Spruce Road is beyond the scope of these proceedings. The narrow issue in this appeal concerns the potential impact of the Amendment Application on Neighbors' interests, and whether an analysis of criterion 9(G) in this Permit amendment proceeding will impact their particularized interests. The fact that a previous Permit authorized the development of Big Spruce Road does not vest a person in a subsequent amendment proceeding with the authority to challenge all prior impacts. In re Taft Corners Assocs., Inc., 160 Vt. 583, 593 (1993) (holding that issues decided under an umbrella permit could not be reopened and attacked in a subsequent application proceeding because those issues were final and not subject to review).

Neighbors have therefore failed to present evidentiary support for their argument that the Amendment Application may affect the future maintenance and ownership of Big Spruce Road. We must therefore conclude that, even when viewing the facts in a light most favorable to them, Neighbors are not entitled to party status as a matter of law. Neighbors have not demonstrated that their interests may be impacted by a decision on the Amendment Application.

Further evidence of Neighbors' concerns for Big Spruce Road would not cure the shortcomings of their party status request; what Neighbors lack is any showing that this Amendment Application proposes to impact their interests in any manner. There is no indication that the Amendment Application, if granted, would change the way Big Spruce Road is owned or maintained. The Amendment Application seeks to achieve the narrow purpose of securing approval to subdivide the Spruce Peak development into thirty smaller segments. The Permit amendment that Applicant currently seeks does not implicate the past, present, or future

7

ownership or maintenance of Big Spruce Road and does not authorize any development. Thus, we are unable to discern how a decision on the Amendment Application could affect Neighbors' criterion 9(G) interests.

The Amendment Application does not seek to alter the way Big Spruce Road is to be maintained and does not alter any of the Road obligations imposed in the prior Permit proceedings. In fact, the alteration and maintenance of Big Spruce Road was the subject of the original master plan proceedings. See Re: Mt. Mansfield Co., d/b/a Stowe Mtn. Resort, No. 5L1338, Findings of Fact, Conclusions of Law and Order at 113 (Dist. 5 Envtl. Comm'n Sept. 26, 2003). The current amendment proceedings do not modify those obligations; Applicants seek to merely set out the boundaries for the Road and the other developments already approved in the original Permit or separate amendments. To allow Neighbors to re-litigate the alterations and maintenance of Big Spruce Road in the current amendment proceedings, proceedings in which the Permit amendment applicant is not proposing any changes to the alignment or maintenance of the Road, would violate concepts of finality, "would severely undermine the orderly governance of development[,] and would upset reasonable reliance on the process." Taft Corners, 160 Vt. at 593 (quoting Levy v. Town of St. Albans Zoning Bd. of Adjustment, 152 Vt. 139, 143 (1989)).

Neighbors also contend that the Amendment Application, if approved in these proceedings, will negatively impact their interests in Big Spruce Road because responsibility over the Road and related infrastructure may be transferred. In fact, Applicants have confirmed that some of the water and sewer infrastructure installed under Big Spruce Road has been transferred to and accepted by the Town, even though the Road itself has yet to be transferred and accepted. However, Neighbors' argument here is misplaced. Rights and obligations under Act 250 permits run with the land; permit conditions remain in full force and effect, even when land transfers occur. In re Estate of Swinington, 169 Vt. 583, 585 (1999) (mem.) (explaining that Act 250 permits run with the land); In re Quechee Lakes Corp., 154 Vt. 543, 550 n.5 (1990) (noting that successors are bound by permit conditions).

The Amendment Application does not seek to modify or amend any of the prior Permit conditions or obligations concerning Big Spruce Road; it merely seeks to subdivide property that prior Permit proceedings have authorized for development. Considering in these proceedings whether a future transfer might occur, and might have consequences that affect Neighbors'

8

interests would be inappropriate speculation on our part. Any decision in that regard would constitute an improper advisory opinion. In re 232511 Investments, Ltd., 2006 VT ¶ 19, 179 Vt. 409.

Finally, the Amendment Application does not seek approval to develop any of the newly created lots. Any future additional development of Lot 53, which consists of Big Spruce Road, or any other lot that may affect the quality of Big Spruce Road, requires prior approval from the District Commission, which must be preceded by notice to and an opportunity to be heard by all interested persons whose interests may be impacted. 10 V.S.A. § 6084(a)–(c). All prior permits and amendments thereto make clear that no further subdivision, alteration, or development is permitted without the prior written approval of the District Commission.

Neighbors have failed to provide a factual foundation for how the Amendment Application, if granted, will affect an interest of theirs that may be protected in these proceedings under Act 250 criterion 9(G). The Amendment Application does not change the way Big Spruce Road will be maintained in the future; any realignment or developmental impacts upon the Road and Neighbors' interests in it must first be disclosed and authorized in a future permit amendment proceeding. For these reasons, we conclude that Neighbors are not entitled to party status; they have not demonstrated that interests protected by criterion 9(G) may be affected by a decision on this Amendment Application.

To the extent that Neighbors' affidavit makes allegations concerning the substandard construction and maintenance of Big Spruce Road and the failure to assign maintenance responsibilities, these argument raise issues beyond the scope of these proceedings. In this de novo proceeding, we stand in the place of the District Commission and review anew the application presented below as if no proceeding had previously occurred. In re Killington, Ltd., 159 Vt. 206, 214 (1992) (citing In re Green Peak Estates, 154 Vt. 363, 372 (1990)); see also V.R.E.C.P. 5(g). Our authority to grant relief "is as broad as the power[] of the [District Commission], but it is not broader." In re Torres, 154 Vt. 233, 236 (1990). In other words, our jurisdictional authority is limited to those issues presented by the Amendment Application. In re Route 103 Quarry, No. 205-10-05 Vtec, slip op. at 6 (Vt. Envtl. Ct. Nov. 22, 2006) (Durkin, J.), aff'd, 2008 VT 88. To respect these jurisdictional constraints, we must restrict our review to the narrow issue on appeal: the impact, if any, that this Amendment Application may have on

Neighbors' interests protected by criterion 9(G). We conclude that there has been no showing of such an impact.

Accordingly, we cannot consider in this proceeding whether Applicants have constructed and maintained Big Spruce Road as represented in the previous proceedings. These allegations involve issues of compliance with the underlying Permit and any previous amendment authorizing development of Big Spruce Road. As a result, they raise issues that are beyond the scope of the pending Amendment Application. Moreover, as is discussed above, the prior Permit conditions remain in place and continue to bind Applicants and their successors; the requested permit amendment will not impact these conditions and obligations.

Equally beyond the scope of these proceedings is any request by Neighbors to review the impact of Applicants' development as a whole to determine whether additional conditions are appropriate to minimize the impact on Neighbors' properties or interests. In an application to amend a previous permit, our review must be limited to the issues raised in the amendment application itself and not to issues beyond it or decided in prior permit proceedings. Quechee Lakes Corp., 154 Vt. at 557. Thus, we are without the jurisdictional authority to examine whether adequate construction standards were imposed in the original proceedings that authorized the development of Big Spruce Road.

Based on the foregoing, we conclude that Neighbors lack party status in these proceedings. Even when viewing the material facts in a light most favorable to Neighbors, we conclude that Neighbors have failed to demonstrate that any interest that could be protected under Act 250 criterion 9(G) will be affected by a decision on the pending Amendment Application. We therefore conclude that Neighbors' motion for party status must be **DENIED**.

Because Neighbors lack party status, we need not address whether a hearing should be conducted on the Amendment Application. Since no person appearing in these proceedings is eligible for party status in this appeal, we conclude that the Amendment Application, as well as Applicants' motion for summary judgment, must be **GRANTED** as a matter of law.

## Conclusion

For all the reasons more fully discussed above, we conclude that Neighbors have not demonstrated that any of their interests protected under Act 250 criterion 9(G) may be affected by any decision on Applicants' Amendment Application. We therefore **DENY** Neighbors'

10

motion for party status in these proceedings and **GRANT** Applicants' motion for summary judgment and, by so doing, **AFFIRM** Permit Amendment #5L1338(Alt)-15.

A Judgment Order accompanies this Decision.  This completes the current proceedings before this Court.

Done at Newfane, Vermont, this 21st day of April 2010.


_____
Thomas S. Durkin, Environmental Judge