STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 169-12-16 Vtec

---

Diverging Diamond Interchange A250

---

## ENTRY REGARDING MOTION

Title:         Motion to Dismiss Timberlake's Request for Party Status (Motion 6)
Filer:         Vermont Agency of Transportation
Attorney:   Justin E. Kolber
Filed Date:  January 19, 2017

Timberlake Associates, LLP (Timberlake) filed a notice of cross appeal and entry of appearance in this matter on December 28, 2016. Timberlake seeks to appeal an Act 250 permit granted to the Vermont Agency of Transportation (VTrans) to construct a Diverging Diamond Interchange and related improvements (the DDI project) at I-89 Exit 16 in Colchester. VTrans responded to Timberlake's notice of cross appeal with this motion to dismiss on January 19, 2017. Timberlake filed a response on February 2, 2017, VTrans filed a reply on February 10, 2017, and Timberlake filed a surrebuttal reply on February 21, 2017.[1]

In its notice of appeal Timberlake claims party status as a landowner and as an aggrieved person whose interests may be adversely affected by the proposed project. VTrans, in its motion to dismiss, argues that Timberlake does not qualify for party status as a landowner or an aggrieved person, and further contends that Timberlake should be dismissed for failing to affirmatively move for party status.

Timberlake is represented by David L. Grayck, Esq., and VTrans is represented by Justin E. Kolber, Esq. and John K. Dunleavy, Esq.

### I.        Governing Law

Because a party must have standing to bring an appeal for us to have subject matter jurisdiction over a matter, we review a motion to dismiss for lack of standing under V.R.C.P. 12(b)(1).[2] In re Killington Village Master Plan Act 250 Application Appeal, No. 147-10-13, slip op. at 7–8 (Vt. Super. Ct. Envtl. Div. Aug. 6, 2014) (Durkin, J.). Under Rule 12(b)(1) we accept as true

---

[1] Other parties to this matter have not weighed in on Timberlake's status or standing.

[2] Although styled as a motion to dismiss Timberlake's request for party status, VTrans' motion more accurately challenges Timberlake's standing to appeal. As we explained in Verizon Wireless Barton Act 250 Permit Telecommunications Facility, No. 6-1-09 Vtec, slip op. at 1 n.1 (Vt. Envtl. Ct. Feb. 2, 2010) (Durkin, J.), "'party status' is a designation used when new parties seek to join an action initiated by another, but 'standing' is the proper analysis when parties wish to appeal, or their right to do so is being challenged." Id. (citations omitted). Here, Timberlake has filed a notice of appeal, and VTrans' challenge goes to Timberlake's right to appeal. While party status and standing are technically different, the analysis of whether a party has party status in Act 250 permit proceedings and whether that party has standing to appeal the Act 250 permit decision is similar, if not identical. In re JLD Properties of St. Albans, LLC, Nos. 129-5-06 Vtec, 242-10-06 Vtec, 92-5-07 Vtec, 221-10-07 Vtec, 80-4-08 Vtec, 116-6-08 Vtec slip op. at 29 (Vt. Envtl. Ct. Jan. 20, 2016) (Durkin, J.).

all uncontroverted factual allegations and construe them in the light most favorable to the nonmoving party (here, Timberlake). In re Goddard Coll. Conditional Use, No. 175-12-11 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. July 5, 2012) (Walsh, J.).

Timberlake argues that it has standing to appeal both as a landowner, and as a person whose particularized interest may be affected by the DDI project. We base our decision here on Timberlake's landowner status, and therefore do not reach Timberlake's argument that it also qualifies as a person whose particularized interest may be affected by the DDI project.

**II.     Whether Timberlake Has Standing as a Landowner**

Timberlake asserts standing as a landowner and therefore a party by right. 10 V.S.A. § 8502(5)(B) (defining "the landowner, if the applicant is not the landowner" as a party by right). Timberlake claims party status as a landowner through the mechanism set out in 10 V.S.A. § 8504(a), which allows "any party by right" to appeal an act or decision of a District Commission to the Environmental Division.

VTrans contends that Timberlake should be dismissed for failing to affirmatively move for party status, and because Timberlake is not a "landowner" for the purposes of the relevant statutes.

**a.    Whether Timberlake Should Have Moved for Status as a Landowner**

VTrans argues that Timberlake's appeal should be dismissed for failure to affirmatively move for party status. To support this argument VTrans points to 10 V.S.A. § 8504(d)(1), which reads:

> No aggrieved person may appeal an act or decision that was made by a District Commission unless the person was granted party status by the District Commission pursuant to subdivision 6085(c)(1)(E) of this title, participated in the proceedings before the District Commission, and retained party status at the end of the District Commission proceedings. In addition, the person may only appeal those issues under the criteria with respect to which the person was granted party status.

If a person wishes to appeal the District Commission decision on grounds for which he was not granted party status, an appeal to that party status denial can be brought to the Environmental Division. 10 V.S.A. § 8504(d)(2)(B). This appeal must be made in the form of a "motion filed not later than the deadline for filing a statement of questions on appeal." V.R.E.C.P. 5(d)(2).

The requirements of § 8504(d) and V.R.E.C.P. 5(d)(2), including the provision that the party must file a motion to appeal the denial of party status, do not apply to a party claiming standing as a landowner.

Section 8504(d)(1) refers specifically to an "aggrieved person," and to party status under § 6085(c)(1)(E). Section 6085(c)(1)(E) gives status in a District Commission proceeding to "any adjoining property owner or other person who has a particularized interest protected by [Act 250] that may be affected by an act or decision by a District Commission." This mirrors the definition of an "aggrieved person," who is a person "who alleges an injury to a particularized interest" caused by the District Commission Act 250 permit decision. 10 V.S.A. § 8502(7).

Landowners are different. In a District Commission proceeding, a "landowner, if the applicant is not the landowner," is given party status under 10 V.S.A. § 6085(c)(1)(B), not § 6085(c)(1)(E). Under 10 V.S.A. § 8504(a), a District Commission decision on an Act 250 permit can be appealed by "a[] person aggrieved by an act or decision of . . . a District Commission . . .

2

or any party by right." The term "party by right" is separate and distinct from an "aggrieved person" in this section. Elsewhere, the definition for "party by right" includes, among others, "the landowner, if the applicant is not the landowner." 10 V.S.A. § 8502(5)(B).

Because an aggrieved person is different from a landowner, and the requirements regarding party status before the District Commission in § 8504(d) refer specifically to aggrieved persons, we conclude that these requirements do not apply to landowners. Even if Timberlake did not participate below or failed to retain status as a landowner at the end of the District Commission hearing, Timberlake would not have to move for party status as a landowner in the proceeding before us.

Because Timberlake was not required to file a motion requesting party status, VTrans' motion to dismiss Timberlake as a landowner for failing to file a motion requesting that status is **DENIED**.

### b. Whether Timberlake Has Standing as a Landowner

VTrans next contends that Timberlake should not be given landowner status because the land in question is to be condemned by the state before construction, and Timberlake will no longer be a landowner once condemnation takes place.

To support its argument, VTrans cites a portion of an Act 250 rule and identical statute which state that when the party filing an application is a state agency "empowered to condemn the involved land or an interest in it, the application need only be signed by that party." Act 250 Rule 10(A); 10 V.S.A. § 6083(f). While this provision makes clear that the owner of land to be condemned need not sign an Act 250 application, it does not appear to have any bearing on whether that landowner can obtain party status as a landowner under 10 V.S.A. § 6085(c)(1)(B).

The parties agree that Timberlake currently owns a part of the land on which the project will be built. While VTrans argues that it is only a small piece, it cites to no legal authority supporting the idea that landowners who own only a small piece of land on which a project will be built do not qualify for status under § 6085(c)(1)(B). Nor has VTrans offered the Court any authority supporting the proposition that the owner of land that is to be condemned in the future, but has not yet been condemned, does not qualify as a landowner.[3]

VTrans' motion to dismiss Timberlake as a landowner is therefore **DENIED**.

### III. Whether Timberlake Has Standing as an Aggrieved Person Whose Interests May Be Adversely Affected by the Proposed Project

In addition to claiming standing as a landowner, Timberlake claims standing to appeal as an aggrieved person whose particularized interest may be adversely affected by the DDI project. 10 V.S.A. § 8504(a) ("a[] person aggrieved by an act or decision of . . . a District Commission . . . may appeal to the Environmental Division"); 10 V.S.A. § 8502(7) (defining an "aggrieved person" as "an[] adjoining property owner or other person who has a particularized interest protected by [Act 250] that may be affected by an act or decision by a District Commission").

---

[3] Timberlake points out in its surrebuttal that there is currently no condemnation action against its land. We note only that there is nothing on the record now before us indicating that a condemnation proceeding has been initiated against Timberlake.

Because we conclude that Timberlake has standing as a landowner, we need not reach the question of whether Timberlake would also have standing as a person whose particularized interest may be impacted by the DDI project.

In reaching this conclusion, we note that Timberlake's status as a landowner will likely no longer exist if Timberlake ceases to be a landowner during the course of this appeal. See In re Estate of Swinington, 169 Vt. 583, 585 (1999) (holding that a party's "interest in [an Act 250] permit was at all times contingent upon its rights in the land subject to the permit, and that interest was defeasible upon loss of those rights"); In re Killington Village Master Plan Act 250 Application Appeal, No. 147-10-13, slip op. at 7–8 (Vt. Super. Ct. Envtl. Div. Aug. 6, 2014) (Durkin, J.) (party status may be challenged at any time pursuant to V.R.C.P. 12(b)(1)). If Timberlake loses its status as a landowner at some point during this litigation, we may at that time consider whether Timberlake should maintain status under certain criteria as a person whose particularized interests may be impacted by the DDI project.

**IV.    Conclusion**

For the reasons set out above, VTrans' motion to dismiss Timberlake is **DENIED**.

Electronically signed on March 17, 2017 at 02:20 PM pursuant to V.R.E.F. 7(d).

_Tom Walsh_

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Jon T. Anderson (ERN 1856) and Alexander J. LaRosa (ERN 5814), Attorneys for Appellant R.L. Vallee, Inc.
Peter J. Gill (ERN 4158), Attorney for Interested Person Natural Resources Board
David L. Grayck (ERN 4510), Attorney for Additional Appellant Timberlake Associates, LLP
Justin E. Kolber (ERN 4303) and John K. Dunleavy (ERN 1949), Attorneys for Interested Person SOV AOT
Leslie A. Welts (ERN N/A) and Hannah W. Smith (ERN 6759), Attorneys for Interested Person Agency of Natural Resources
Elena M. Mihaly (ERN 8101), Attorney for Conservation Law Foundation