## Montpelier Savings Bank & Trust Co. v. Kenneth C. Mitchell et al

[165 A.2d 369]

September Term, 1960

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed November 1, 1960

*W. Edson McKee* for the plaintiff.

*Paterson & Eldredge* for defendants State Equipment Co., Inc. and Lawson.

**Hulburd, C. J.** This case involves the distribution by the officer of the proceeds received from a foreclosure sale on a conditional vendor's lien. We are concerned with the first two sentences of 9 V.S.A. §1695 which read as follows: "The proceeds of such sale shall be applied to the payment of the lien and the costs and expenses of keeping the property and sale. The balance shall be paid on demand to the vendee or the person holding under him." So our question here is, did the constable turn over the balance of the proceeds to "a person holding under" the conditional vendee?

In the last analysis, the question before us is whether the judgment of the court below, which, in effect, upheld the sheriff's distribution, can be supported on the facts. The case abounds in legal conclusions expressed by the commissioner and court below. Fortunately, the controlling facts are not in dispute. Our problems, therefore, can be resolved by seeing to it that the law is properly brought to bear on the situation presented by the known facts.

The significant particulars in the sequence of events, leading up to this litigation, were these. In August 1956, Kenneth Mitchell bought a crawler tractor and other equipment under a conditional sale contract from State Equipment Company, Inc. Thereafter, in March 1958, he gave a chattel mortgage on this property to Plant and Griffith Lumber Company, Inc. Later, in November 1958, Kenneth Mitchell and Emily F. Mitchell gave a chattel mortgage on the same property to State Equipment Company, Inc., the original conditional vendor. All instruments were duly recorded in the order in which they were given. On February 14, 1959, the conditional sale contract was turned over by State Equipment Company, Inc. to Henry C. Lawson, constable, for foreclosure. This he proceeded to do. Having had his sale pursuant to the statute, the constable duly filed his return which showed that from the $5,800.00 brought in by the sale he first paid State Equipment Company, Inc., as conditional vendor, the amount of its lien. Next, having deducted certain items of costs and the like, about which there is no dispute, the sheriff paid Plant and Griffith Lumber Company, Inc., the amount of its chattel

mortgage. The balance remaining in his hands he paid to State Equipment Co., Inc., to apply on its chattel mortgage and note. The return, showing all this, was filed on March 17, 1959.

On April 6, 1959, the plaintiff, the Montpelier Savings Bank & Trust Company, brought suit against the Mitchells, and in this action, on a promissory note held by it, service was made on constable Lawson and State Equipment Co., Inc. as trustees. The trustees made "no funds" disclosures. Thereupon the plaintiff applied to the county court for the appointment of a commissioner as provided for in 12 V.S.A. §3070. At the hearing before the commissioner the plaintiff made no claim of any error on the constable's part other than asserting that the statute as to the application of the proceeds of the sale did not authorize payment by the constable to one holding a chattel mortgage given by a conditional vendee. The plaintiff argued before the commissioner, as here, that when a conditional vendee gives a chattel mortgage, the mortgagee is not—in the words of the statute—a "person holding under" the conditional vendee and hence is not entitled to share in the proceeds of a foreclosure sale. The commissioner adopted this contention of the plaintiff and reported to the county court accordingly. The county court rejected this view and by its judgment order approved the distribution made by the constable, giving judgment to the trustees.

In passing on the action of the county court we must first inquire: can a conditional vendee give a valid chattel mortgage on the property conditionally sold to him? The answer is "yes." The vendee under a conditional sales contract acquires immediately an interest or special property in the subject of the sale, recognized in law as well as equity, which he may dispose of without the consent of the vendor. 47 Am. Jur. Sales §924. See annotation in 87 A.L.R. 942; cf. Uniform Conditional Sales Act §13. The transfer by the conditional vendee of his interest is, of course, subject to the rights of the conditional vendor, but the transferee acquires whatever right the conditional vendee has. *Hatch* v. *Lamos*, 65 N. H. 1, 17 A. 979, 4 L.R.A. 404.

It follows from the foregoing, and it has been held accordingly, that where property which is the subject of conditional sale is sold to satisfy the vendor's lien, the mortgagee, to whom the conditional

vendee has mortgaged his interest, is entitled to the balance of the proceeds after deducting the reasonable expenses incident to the sale. 47 Am. Jur. Sales §927, p. 137; and see note in 87 A.L.R. cited above, particularly at pages 948-950.

■■ To say, as the plaintiff does, that when a conditional vendee executes a chattel mortgage on property upon which he is making payments, he has, in effect, given the mortgagee a right to obtain an interest in the property only when and if he completes his payments— to say this would be to artificially restrict the mortgagee's rights in disregard of the nature of the transaction. If the transferee or mortgagee acquires whatever right the conditional vendee has, then it follows that on foreclosure he becomes entitled (up to the amount of his mortgage) to any surplus which may be left after satisfying the conditional sale lien and the expenses of the sale, and the statute must be interpreted as so intending. This is so because the conditional vendee, prior to giving a mortgage, has this right, and to hold that it does not pass with the mortgage would be to hold that something less than the conditional vendee's interest was transferred by it. In holding that one acquiring a mortgage from a conditional vendee is a "person holding under" him, we are adopting a construction which is fair and reasonable. It is presumed in construing a statute that no unjust or unreasonable result was intended by the legislature. *State* v. *Reynolds,* 109 Vt. 308, 310, 1 A.2d 730. It should be borne in mind that the plaintiff, in this action, can stand no better on trustee process as against the officer than the conditional vendee himself could have stood on a direct demand against the officer. To allow a conditional vendee to take the surplus in the officer's hands following a foreclosure sale in the face of an outstanding chattel mortgage given by him is neither fair nor reasonable. It opens the door to something close to fraud. We are far from convinced that the legislature ever intended anything of this sort. We will take into consideration the effect and consequences of a given interpretation in arriving at the true intent of the legislature. *Parker* v. *Anderson,* 112 Vt. 371, 377, 25 A.2d 41.

The plaintiff has called our attention to that section of the chattel mortgage law (9 V.S.A. §1796) which corresponds to the section of the conditional sale law (9 V.S.A. §1695) dealing with the proceeds

of the foreclosure sale. The chattel mortgage section specially mentions "subsequent mortgages," "subsequent liens," and "judgment claims of attaching creditors" before concluding that the balance in the officer's hands shall be paid "to the mortgagor, or persons holding under him." The fact that the legislature in the chattel mortgage law has been to the pains of giving a detailed "break down" of those entitled to share in the proceeds of the sale does not do away with the significance to be assigned to the expression "person holding under him." We think that the differentiation in the two statutes offers too slim a basis upon which to predicate the plaintiff's contention. We are satisfied that when the legislature authorized the officer, conducting the foreclosure sale on a conditional vendor's lien, to pay any balance of the proceeds remaining in his hands, after satisfying the lien and expenses of the sale, to the vendee or the "person holding under him," they were using a generic term or expression which was broad enough to include, and did include, a chattel mortgagee to whom the conditional vendee had mortgaged the property. Such a construction is reinforced by the fact that it is in keeping with the law generally and brings about a just distribution of the proceeds of the sale. Although the trial court advanced reasons for the judgment rendered below which reflect an entirely different approach from that taken here, it concluded that the distribution made by the officer was proper. With this we agree.

*Judgment affirmed.*