# In re J. Paul and Patricia A. Preseault

[292 A.2d 832]

No. 139-71

Present: Shangraw, C.J., Barney, Keyser, Daley, JJ., and Martin, Supr. J.

Opinion Filed June 6, 1972

*Paul, Frank & Collins,* Burlington, for Plaintiff.

*Gravel & Shea,* Burlington, for Defendant.

**Shangraw, C.J.** This is our first confrontation with the Vermont Land Use and Development Act passed by the 1969 Adjourned Session of the Legislature as Act No. 250. It is now codified as 10 V.S.A. Chapter 151.

To administer the regulations and plans provided for by the Act a state-wide Environmental Board was created. 10 V.S.A. § 6021. Below the Environmental Board are seven District Environmental Commissions which are charged with the enforcement of the Act at the local level. 10 V.S.A. § 6026. See generally Walker, *The Law of the Land: Development Legislation in Maine and Vermont,* 23 Maine L. Rev. 315 (1971).

This proceeding was commenced by the applicants, J. Paul and Patricia A. Preseault, when they filed an application for an environmental permit with the District Environmental Commission. 10 V.S.A. § 6083. In their application the Preseaults sought an environmental permit for 76 apartments they plan to construct on a parcel of property they own in the City of Burlington. Notice of the application was published in a local paper, and actual notice was given to the City of Burlington, the Burlington Planning Commission, and the Chittenden County Regional Planning Commission. See 10 V.S.A. § 6084.

At the request of some eighteen adjoining property owners, who objected to the issuance of the environmental permit sought by the Preseaults, the District Commission held hear-

ings on the application at four separate sessions. 10 V.S.A. § 6085(a). Included in the hearings was a visit to the site of the planned development. On June 8, 1971, the District Commission denied the application stating the proposed project would cause unreasonable soil erosion or reduction of the capacity of the land to hold water so that a dangerous or unhealthy condition may result. Also the proposed project can only aggravate the existing traffic problem on North Avenue, and that the minimum distance (five feet) of the private road from the property of the adjacent landowners is a threat to the safety and welfare of the adjacent landowners and increases the probability of encroachment.

An appeal was then taken by the applicants to the Environmental Board where they requested a *de novo* hearing on the findings of fact and conclusions of law adverse to the applicants made by the District Commission when it rejected their application. 10 V.S.A. § 6089. Soon after, counsel for the adjoining property owners filed a notice of appearance with the Environmental Board. At the commencement of the hearing before the Environmental Board, the Board ruled the adjoining property owners were not entitled to participate as parties because of 10 V.S.A. § 6085(c) which states as follows:

> "Parties shall be those who have received notice, adjoining property owners who have requested a hearing, and such other persons as the board may allow by rule. For the purposes of appeal only the applicant, a state agency, the regional and municipal planning commissions and the municipalities required to receive notice shall be considered parties."

After hearing was completed, the Environmental Board voted to issue the environmental permit sought by the Preseaults.

At this point the adjoining property owners appealed to this Court from the ruling of the Environmental Board which denied them the right to appear as parties at the hearing before the Board. The applicants then filed a motion to dismiss this appeal alleging the adjoining property owners were not a party before the Environmental Board, and therefore could not appeal to this Court pursuant to 10 V.S.A. § 6089(b) which provides:

"An appeal from a decision of the board under subsection (a) shall be to the supreme court by a party as set forth in section 6085(c) of this title."

The motion was dismissed by this Court *pro forma* until the case could be heard upon the merits.

The first issue raised by this appeal is that developed by the applicants in their motion to dismiss. In essence, the applicants contend that because the adjoining property owners were not a proper party before the Board as provided for in 10 V.S.A. § 6085(c), they cannot appeal to this Court pursuant to 10 V.S.A. § 6089(b). The applicants further contend that because the Vermont Land Use and Development Act became effective after the Administrative Procedure Act, and because the former provides an appeal procedure for "parties" to a hearing, the Administrative Procedure Act does not provide the adjoining property owners a means of appealing to this Court.

■■ The construction of the statutes suggested by the applicants unduly narrows the scope of the liberal means of judicial review provided for by 3 V.S.A. § 815(a). It has long been recognized statutes giving and regulating the right of appeal are remedial in nature and should receive a liberal construction in furtherance of the right of appeal. *Abbadessa* v. *Tegu*, 121 Vt. 496, 498, 160 A.2d 876 (1960), and cases therein cited. This brings us to the fundamental rule in the construction of statutes which is to ascertain and give effect to the intention of the legislature. *Verrill* v. *Daley*, 126 Vt. 444, 446, 236 A.2d 238 (1967); *Reed* v. *Allen*, 121 Vt. 202, 206, 153 A.2d 74 (1959). Statutes *in pari materia* are to be construed with reference to each other as parts of one system. *Reed* v. *Allen*, 121 Vt. 202, 207, 153 A.2d 74 (1959); *In re Estate of Cartmell*, 120 Vt. 228, 230, 138 A.2d 588 (1958).

■ Thus, we must construe the Vermont Land Use and Development Act with the Administrative Procedure Act. At 10 V.S.A. § 6002 we find the Vermont Land Use and Development Act states the provisions of the Administrative Procedure Act shall govern unless otherwise stated. Because no means of appeal is provided for the adjoining property owners in the Vermont Land Use and Development Act, they are

forced to go to the provisions of the Administrative Procedure Act.

■ Pursuant to 3 V.S.A. § 815(a) a method of obtaining judicial review of an administrative action is made available to a person who has exhausted all administrative remedies available, and is aggrieved by a final decision in a contested case. The adjoining property owners came within the purview of 3 V.S.A. § 815(a) when they were denied the right to appear before the Board and the environmental permit sought by the Preseaults was granted. See 3 V.S.A. § 801(2), (6). Therefore this appeal has been properly brought to this Court.

Next we turn to the question raised by the adjoining property owners by this appeal. They contend it was reversible error for the Environmental Board to deny them the right to appear as parties at the *de novo* hearing before the Board on the application submitted to the Board by the Preseaults. When the Environmental Board excluded the adjoining property owners it created a situation in which the adjoining property owners, who prevailed below, could not appear at a *de novo* appeal on the same matter; and in their absence the Environmental Board granted the permit sought by the Preseaults.

■ The intention and true meaning of the legislature are to be ascertained from a consideration of the whole and every part of the act, the subject matter and its effect and consequences. *Rutland Cable T.V.* v. *City of Rutland,* 122 Vt. 1, 3, 163 A.2d 117 (1960), and cases therein cited. The legislature in the "Findings and declaration of intent" expresses the purpose of the Act is ". . . to protect and conserve the lands and the environment of the state and to insure that these lands and environment are devoted to uses which are not detrimental to the public welfare and interest . . . ." Act No. 250 § 1 (1969 Adj. Sess.).

Under the provisions of 10 V.S.A. § 6085 (a) the adjoining property owners were given the right to appear at the hearing and produce evidence before the District Environmental Commission.

■ On appeal, under the provisions of 10 V.S.A. § 6085(c), the Environmental Board took the view the adjoining prop-

erty owners were not entitled to appear and participate. The Environmental Board then held what it called a *de novo* hearing on the application. 10 V.S.A. § 6089·(a). A *de novo* proceeding at an appellate level commonly designates a hearing as though no action whatever had been instituted in the District Environmental Commission below. A *de novo* proceeding is one in which all the evidence is heard anew, and the probative effect thereof determined. *In re Automobile Insurance Rates*, 128 Vt. 73, 77, 258 A.2d 826 (1969). See also *In re Edward Wheelock*, 130 Vt. 136, 287 A.2d 569, 572 (1972). A *de novo* proceeding contemplates those parties who had an interest in the original proceeding being allowed to appear and participate as proper parties at the second set of hearings. *In re Estate of Bove*, 127 Vt. 25, 26–27, 238 A.2d 789 (1968).

 It is presumed in construing a statute that no unjust or unreasonable result was intended by the legislature. *Montpelier Savings Bank & Trust Co.* v. *Mitchell*, 122 Vt. 85, 88, 165 A.2d 369 (1960). A statute is to be so construed as to carry out the intent of the legislature, though such construction may seem contrary to the letter of the statute. When the provisions of a law are inconsistent, effect must be given to those which harmonize with the context and the apparent intent of the legislature. *State* v. *Estate of Taranovich*, 116 Vt. 1, 5, 68 A.2d 796 (1949); *Doubleday* v. *Town of Stockbridge*, 109 Vt. 167, 172, 194 A. 462 (1937). See also *State* v. *Reynolds*, 109 Vt. 308, 310–11, 1 A.2d 730 (1938).

 Clearly, a literal enforcement of the language of 10 V.S.A. § 6085(c), as interpreted by the Environmental Board, would result in an unjust and unreasonable departure from the intent of the legislature when it recognized the interest adjoining property owners have in an application for an environmental permit on lands adjacent to theirs. The unreasonableness of this interpretation becomes more manifest when the fact finding significance of a *de novo* proceeding before the Environmental Board is considered. Therefore, we hold the intent of the legislature as expressed in the broad purposes of the Act, and in the Act itself, is to accord to

adjoining property owners the right to appear as parties at hearings before the Environmental Board.

*The decision of the Vermont Environmental Board granting the permit to appellees is reversed. Cause remanded for a new hearing before the Board with direction that the appellants, adjoining property owners, be permitted to participate as parties.*