### In re Lunde Construction Company

[428 A.2d 1140]

No. 99-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed February 27, 1981

*Joseph C. Palmisano,* Barre, for Appellant.

*M. Jerome Diamond,* Attorney General, *Benson D. Scotch* and *Meredith Wright,* Assistant Attorneys General, and *Richard H. Cowart,* Special Assistant Attorney General, Montpelier, for Environmental Board.

**Barney, C.J.** Lunde Construction Company sought an Act 250 permit for a real estate development in Barre Town. Barre City, a separate municipal corporation, sought party status under 10 V.S.A. §§ 6084(b) and 6085(c), and under Environmental Board Rule 12(C), to protect its interests at the hearing before the District Environmental Commission, but was turned down. The request was also denied by the En-

vironmental Board. The City is appealing, claiming (i) that it was entitled to receive individual notice of the application under 10 V.S.A. § 6084(b) and thus party status under 10 V.S.A. § 6085(c), and (ii) that the District Environmental Commission and the Environmental Board abused their discretion in denying the City's request for party status under Environmental Board Rule 12(C).

The application of Lunde indicates that the development will use municipal water and sewer service. Barre Town, the site of the proposed development, has no water or sewage system of its own. Instead, it receives those services from its neighbor, Barre City, under contract. That contract limits the amount of sewer and water service the Town may get from the City. The City wants to present data on the state of its water and sewer systems, as well as to give evidence as to the effect of the proposed development on its water and sewer operations.

The City has brought this appeal under 3 V.S.A. § 815. We have held that one denied party status by the Environmental Board has standing to appeal the decision to this Court under that statute. *In re Preseault,* 130 Vt. 343, 347, 292 A.2d 832, 834–35 (1972).

The litigants agree that Barre City is not entitled to party status as of right under 10 V.S.A. § 6084(a). Section 6084(a) gives party status to the municipality in which the proposed development is to be located, and to adjacent municipalities if the development is on a boundary. In this case Barre City does not come within either provision.

The statute also provides for discretionary power in the District Commission, or the Board, to decide which additional municipalities should receive notice, if any. 10 V.S.A. § 6084(b). Section 6084(b) provides:

> The district commission shall forward notice and a copy of the application to the board and any state agency directly affected, and any other municipality or state agency, or person the district commission deems appropriate. Notice shall also be published in a local newspaper generally circulating in the area where the land is located not more than 7 days after receipt of the application.

The City, in essence, contends that it was an abuse of discretion for the District Commission to refuse to send the City notice, conferring party status on the City. The Board, when the issue was brought before it, sustained the District Commission's ruling on the grounds that expert testimony presented through the regional planning commission or state agencies would sufficiently protect the interests of the City.

In the law, discretionary rulings are always subject to the limitations that such discretion not be withheld or abused. Abuse is defined as the purported exercise of discretion on grounds or for reasons clearly untenable, or to an extent clearly unreasonable. *John* v. *Fernandez,* 124 Vt. 346, 348–49, 205 A.2d 552, 555 (1964). In determining the application of these limits, the statutory objectives are of first consideration. Since the use of the discretionary power is limited by those statutory objectives, a review of the exercise of discretionary power must reach the question of whether they were sufficiently taken into account.

The effects of a proposed development on water and sewer services are a principal concern of environmental proceedings such as this one, and are among the exact criteria that the District Commission must examine under 10 V.S.A. § 6086(a), which provides in relevant part:

> Before granting a permit, the board or district commission shall find that the subdivision or development:
>
> (1) Will not result in undue water or air pollution. . . .
>
> (2) Does have sufficient water available for the reasonably foreseeable needs of the subdivision or development.
>
> (3) Will not cause an unreasonable burden on an existing water supply, if one is to be utilized.
>
> . . . .
>
> (7) Will not place an unreasonable burden on the ability of the local governments to provide municipal or governmental services.

These are the exact concerns which Barre City seeks to raise. It provides these critical water and sewer connections which, in the usual case, would be encompassed within the

interests of the municipality in which the development is to be located. Barre City has an interest in the effect on its supply of water and the adequacy of its sewage system.

But, as already noted, Barre Town obtains its water and sewage by contracting with Barre City. The finite limits of the contracts are all the protection Barre City needs. It is no concern of the City how the Town distributes its limited water and sewer rights among its customers. The District Commission did not abuse its discretion in failing to notify Barre City individually about the permit application.

Turning to the claim under Environmental Board Rule 12(C), it should be noted that Barre City's request for party status under the Rule was fully four months late. Rule 12(C) requires application for party status on or before the first day of the hearing. At the time of the petition considerable progress had been made in the hearings, and the entrance, at this time, of a new party would likely require reopening of hearings as to all criteria already addressed. No compelling reasoning justifying any sort of waiver of the time limitation appears, and, furthermore, the delay itself is further reason favoring the refusal to exercise the discretion to make Barre City a party.

Lack of party status does not rule out the presentation of any evidence Barre City may want to bring forth. Its agents may be called as witnesses by any of the parties, some of whom are also represented by the attorney for the City, and have been since the first day of the hearings. No interests of the City are threatened by the refusal of party status under Rule 12(C), but great delay and additional expense to the applicant and others will result if the Board were to rule otherwise.

In a late memorandum the Environmental Board has sought to raise the issue of its own standing before this Court. The State also attempted to file a concededly late amicus curiae brief. Lunde Company objected, both as to timeliness of the brief and to the lack of opportunity to develop the standing issue before it was raised here. Without depreciating the importance of the question of the standing of an administrative body to appear in defense of its actions that are being reviewed, it is quite apparent that the issue is not one central

to the questions in this case, and that it has not had timely presentation. For these reasons that issue is not passed upon and the amicus curiae brief has not been considered in this case.

*The ruling of the Environmental Board denying party status to Barre City in this proceeding is affirmed, and the cause remanded.*