## In re Maple Tree Place Associates

[560 A.2d 382]

No. 89-064

Present: **Allen, C.J., Peck, Dooley and Morse, JJ., and Keyser, J.
(Ret.), Specially Assigned**

Opinion Filed April 7, 1989

*Harvey Carter*, Burlington, and *William E. Wargo*, Winooski,
for Appellants.

*Fred I. Parker* and *Alison J. Bell* of *Langrock Sperry Parker &
Wool*, Burlington, for Appellee.

**Per Curiam.** Williston Citizens for Responsible Growth
(CRG) and the City of Winooski appeal from an order of the En-
vironmental Board denying their request for full participation in
hearings on the application of Maple Tree Place Associates
(MTPA) for an Act 250 permit to build a shopping mall at Tafts
Corner in Williston. Appellants also seek a stay of Board proceed-
ings pending appeal. We dismiss the appeal.

On October 26, 1988, the District #4 Environmental Commis-
sion issued a Revised Preliminary Hearing Report and Party Sta-
tus Order reaffirming an earlier denial of both CRG's and Wi-
nooski's participation in the Act 250 proceeding under 10 V.S.A. §
6086(a)(10), commonly called criterion 10. Both were granted
party status under Board Rule 14(B), but without the right to
participate in the proceeding on criterion 10. Both parties sought
interlocutory review before the Environmental Board, and on De-
cember 22, 1988, the Board denied the motions. The present ap-
peal followed, and shortly thereafter petitions for stays. MTPA
moved to dismiss the appeal.

CRG and Winooski rely on *In re Lunde Construction Co.*, 139
Vt. 376, 378, 428 A.2d 1140, 1141 (1981), as conferring a right of

appeal in this case under the Adminstrative Procedure Act (APA), 3 V.S.A. § 815(a). That statute permits an appeal to this Court from "a final decision in any contested case" and from "a preliminary, procedural, or intermediate agency action or ruling . . . if review of the final decision would not provide an adequate remedy . . . ." *Id. Lunde* relies on *In re Preseault,* 130 Vt. 343, 347, 292 A.2d 832, 834-35 (1972), for the proposition that one denied party status by the Enviromental Board has standing to appeal to this Court under the APA. 139 Vt. at 378, 428 A.2d at 1141. *Preseault,* however, was an appeal from a final order. 130 Vt. at 345, 292 A.2d at 834.

We view the· order here as falling into the latter category of APA appeals. Since the order is interlocutory in nature, we must decide whether a review of the final order would provide "an adequate remedy." Our decision in *State* v. *Lafayette,* 148 Vt. 288, 290-91, 532 A.2d 560, 561-62 (1987), is instructive. A collateral order (like the one here) is appealable only if three elements are satisfied:

> "the order must [1] conclusively determine the disputed question, [2] resolve an important issue competely separate frrom the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment."

*Id.* at 291, 532 A.2d at 561 (quoting *Coopers & Lybrand* v. *Livesay,* 437 U.S. 463, 468 (1978)). This test is not met.

First, the present order does not conclusively determine the disputed question. The order of the district commission limiting participation under criterion 10 is reviewable de novo before the Board. 10 V.S.A. § 6089(a). Appellants will have a full and unfettered opportunity to persuade the Board that their participation under criterion 10 is essential and that the district commission erred in limiting their participation. Second, at the conclusion of Board review of the application, the Board's decision on party status may be reviewed here. See *In re Great Eastern Building Co.,* 132 Vt. 610, 326 A.2d 152 (1974).

Moreover, we are concerned that the limited nature of our holding in *Lafayette* may have been misunderstood. While we set forth specific criteria without which a collateral order will not be reviewed by this Court, overriding these threshold criteria is our need to balance the possible loss of important rights "against this Court's policy of avoiding piecemeal review." 148 Vt. at 292, 532

A.2d at 562. *Lafayette* should not be read as an addendum to the Vermont Rules of Appellate Procedure, creating a virtual entitlement to review of collateral orders. *Lafayette* offers appellate redress in the small number of extraordinary cases where the normal appellate route will almost surely work injustice, irrespective of this Court's final decision. Petitions like those at bar would convert the extraordinary into the ordinary and hamper not only the work of this Court, but the orderly processes of trial courts and administrative bodies as well. *Lafayette* announced a procedure that will be available when strong need is demonstrated. But it must not be seen as a commonplace alternative to normal appellate review under our rules.

*Appeal dismissed.*