

State of Vermont
Superior Court — Environmental Division

MAR 29 2012

=====================================================================
ENTRY REGARDING MOTION

VERMONT
SUPERIOR COURT
ENVIRONMENTAL DIVISION
=====================================================================

In re Foregger Revocable Trust 4-Lot Subdivision          Docket No. 157-10-11 Vtec
(DRB Zoning/Subdivision)

Title: Motion for Summary Judgment (Filing No. 1)
Filed: January 13, 2012
Filed By: Appellees Judy Foregger, and Douglas and Robert Foregger, Trustees

Response in Opposition filed 2/9/12 by Appellants Jeffrey L. and Susan L. Amestoy
Reply filed 2/21/12 by Appellees Judy Foregger, and Douglas and Robert Foregger, Trustees

___ Granted                    ___ Denied                    _X_ Other

Jeffrey and Susan Amestoy ("Neighbors") appeal a September 15, 2011 decision by the Town of Waterbury Development Review Board ("the DRB") approving a zoning permit application submitted on behalf of the beneficiary and trustees of the Foregger Revocable Trust ("Appellees") for a four-lot subdivision on property owned by Appellees and located in the Medium Density Residential zoning district in Waterbury Center, Vermont. Neighbors contend that the Town and Village of Waterbury Zoning Regulations ("the Regulations") require site plan review of Appellees' subdivision application. In reviewing the subdivision application, the DRB did not engage in site plan review.

As part of their appeal, Neighbors filed a Statement of Questions containing two Questions. The first Question asks whether Appellees' application for a four-lot subdivision must be subject to site plan review even though Waterbury has not adopted subdivision regulations. The second Question asks whether, if site plan review is required, Appellees' proposed subdivision falls within any of the Regulations' exceptions to site plan review. Appellees now move for summary judgment on both Questions, contending that this Court lacks jurisdiction to address these Questions.

The Court can only grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . . show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3) (2011) (amended Jan. 23, 2012). We will "accept as true the [factual] allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material," and we will give the non-moving party the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356.

Explicit in the new version of V.R.C.P. 56, which took effect January 23, 2012, is the Court's ability to grant summary judgment on grounds not raised by any party. See V.R.C.P.

56(f)(2) (Jan. 23, 2012). We may only do so, however, "[a]fter giving notice and a reasonable time to respond." Id.[1]

In their motion for summary judgment, Appellees contend that the DRB's decision does not address whether the Regulations require site plan review of Appellees' proposed subdivision and that, as a result, the DRB issued no "written decision" on the issue of site plan review from which Neighbors can appeal. (Appellees' Mot. for Summ. J. 4, filed Jan. 13, 2012.) Accordingly, Appellees assert that the Court does not have jurisdiction under 10 V.S.A. § 8504 to consider Neighbors' Questions concerning site plan review. Neighbors respond that they have a right to appeal the DRB's decision and that the authority of the Court to hear an appeal is not limited by the language that the DRB chooses to include in its decision.

Under 10 V.S.A. § 8504(b), an interested person can appeal an "act or decision" by a development review board. This Court has been granted jurisdiction to consider appeals brought under 10 V.S.A. § 8504(b). See 1 V.S.A. § 34(1). Section 4464(b)(1) of Title 24 of the Vermont Statutes Annotated requires that DRB decisions be issued in writing and that the meeting minutes can suffice as a written decision if they include "factual bases and conclusions relating to the review standards."

No party here is contending that Neighbors have not properly appealed the DRB's decision or that the DRB's decision, in terms of its analysis under the sections in the Regulations that it does address, is not a written decision that complies with 24 V.S.A. § 4464. Instead, Appellees contend that, because the DRB did not refer to site plan review, the DRB's decision is not a written decision on that issue, and therefore the Court lacks jurisdiction to consider whether site plan review is necessary.

The DRB is not required to include in its written decision a discussion of the sections of the Regulations that do not apply to an application before it. By omitting from its decision any discussion of Section 301 of the Regulations, which regulates site plan review, the DRB necessarily determined that Appellees' proposed subdivision did not require site plan approval before the DRB could grant a zoning permit. Under 1 V.S.A. § 34(1), we have jurisdiction to consider Neighbor's Questions regarding whether the application before the DRB, and before us on appeal, requires site plan review. See 10 V.S.A. § 8504(h). In other words, we do not agree with Appellees that the lack of reference to site plan review in the DRB's written decision prevents us from considering these Questions in the context of Neighbors' appeal of that decision. We have jurisdiction to consider the Questions on appeal.

We are further inclined, for the following reasons, to answer both Questions by concluding that the Regulations do not require site plan review of Appellees' subdivision application.

We interpret the Regulations using the familiar rules of statutory construction. In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262. That is, we "construe words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance." Id. Nonetheless, "[e]ven the very words used by the legislature in the enactment must yield to a construction consistent with legislative purpose." Lubinsky v. Fair Haven Zoning Bd., 148 Vt. 47, 50 (1986) (citing In re Preseault, 130 Vt. 343, 348 (1972)); see also, e.g., In re Bennington Sch.,

---

[1] Although Appellees filed their motion on January 13, 2012, before the new version of V.R.C.P. 56 took effect, we adopt the philosophy and policy of the new version.

Inc., 2004 VT 6, ¶ 13, 176 Vt. 584 ("The Court will assume the common and ordinary usage of language in a statute unless doing so would render it ineffective, meaningless, or lead to an irrational result.").

It is true that the Regulations require the DRB to "hear and decide applications for site plan review as specified in Section 301." Regulations § 201(c)(3). Except for land within the Route 100 District, which the subject land is not, Section 301 only requires site plan review for "any <u>use</u> . . . before a zoning permit may be issued." Regulations § 301 (emphasis added). The Regulations do not define "use" to include the division of land. See Regulations Art. XII (defining "use" as "[t]he specific purpose(s) for which land or structure is, or may be, designed, arranged, intended or occupied"). Moreover, the Vermont Supreme Court has indicated that, under the statutory scheme established in Title 24 V.S.A., Chapter 117 for land use regulations, "subdivision review is not intended to police prospective uses of the subdivided lots" and that "the act of subdivision does not restrict those uses." In re Taft Corners Assoc., Inc., 171 Vt. 135, 141 (2000).

It is apparent that Appellees sought a zoning permit to subdivide their land and did not request approval of any <u>use</u> of the land. The DRB is empowered to review requests to subdivide land. Regulations § 201(c)(1).[2] The DRB's decision granting Appellees a zoning permit includes a "[c]onclusion" stating that "the scope of [the DRB's] review is limited to Final Plat review as outlined in [Regulations] Section 401, Dimensional Requirements, and Section 413, Driveways and Curb Cuts." Dev. Review Bd. Approved Minutes, App. No. 44-11-T Foregger Revocable Trust, Special Meeting Approved Minutes, at 2 (Town of Waterbury Dev. Review Bd. Sept. 15, 2011). Because site plan review is only triggered under Section 301 of the Regulations for applications regarding the use of land, we are inclined to conclude that site plan approval of Appellees' proposed subdivision is unnecessary for Appellees to receive a zoning permit.

To the extent that Appellees' subdivision application denotes an intended use of the property after it is subdivided, such statements are not material to the DRB's review, or our review on appeal, of the application. The statements indicate only an intention to develop the property in a certain way at some indeterminate future time. See Taft Corners Assoc., Inc., 171 Vt. 135, at 140-41 (finding that statement of future uses proposed in subdivision application did not limit uses to which property could be put at a later date, and stating that "there is no requirement that the subdivider know what uses will be placed on [the subdivided] lots"). Should Appellees propose a use for the subdivided land in the future, site plan approval may be required in order for Appellees to engage in that use.

Accordingly, the Court believes that summary judgment for Appellees is warranted on Question 1, not for the reasons stated in Appellees' motions, but rather on the grounds summarized above. Pursuant to V.R.C.P. 56(f)(2) (Jan. 23, 2012), we offer all parties a reasonable opportunity to respond to the Court's proposed determination. Accordingly, the parties have **30 days in which respond** to the Court's intent to grant summary judgment in Appellees' favor on Question 1. Additionally, granting summary judgment on Question 1 will render a consideration of Question 2 unnecessary.

---

[2] This provision refers to "review as specified under Article XII." The reference seems erroneous, as Art. XII is the "Definitions" section of the ordinance.

_____          _____March 29, 2012_____
Thomas G. Walsh, Judge                                          Date

========================================================================

Date copies sent: __3/29/12__                                   Clerk's Initials: __K__

Copies sent to:

   Appellants Jeffrey L. and Susan L. Amestoy, pro se

   Amanda Lafferty and David W. Rugh, Attorneys for Interested Person Waterbury Center

   Christopher J. Nordle, Attorney for Appellees Judy Foregger, and Douglas and Robert Foregger, Trustees