State of Vermont
Superior Court—Environmental Division

========================================================================

# ENTRY REGARDING MOTION

========================================================================

**In re Barefoot et. al. Act 250 Application**                    **Docket No. 46-4-12 Vtec**
**(Appeal from District 5 Env. Commission determination)**

Title: Motion to Dismiss Certain of Applicant-Appellants' Questions on Appeal (Filing No. 1)

Filed: April 24, 2012

Filed By: Interested Person Francis Kincaid (Kinny) Perot

Response filed on 4/27/12 by Applicant-Appellants

___ Granted                    _X_ Denied                    ___ Other

On December 30, 2011 the District 5 Environmental Commission ("the Commission") denied an Act 250 permit application submitted by Applicants Tom Barefoot III, Joni Zweig, and True North Wilderness Programs, LLC ("Applicants") to operate a wilderness therapy program on a 25-acre tract owned by Barefoot/Zweig off Dana Hill Road in the Town of Waitsfield, Vermont. The Commission's final decision in that case, dated March 2, 2012, is entitled "Memorandum of Decision, Motion to Alter."

Applicants filed a Notice of Appeal with this Court on April 2, 2012 and a corresponding Statement of Questions on April 23, 2012. The following day, Interested Person Francis Kincaid (Kinny) Perot ("Ms. Perot") filed a motion to dismiss all but one of Applicants' nine questions. Ms. Perot claimed that, because Applicants' Notice of Appeal referenced the Commission's March 2, 2012 "Memorandum of Decision, Motion to Alter" rather than the Commission's original permit denial decision, the scope of Applicants' appeal was limited to issues addressed by the Commission in its decision on Applicants' motion to alter. Ms. Perot further argued that since the Commission's decision on Applicant's motion to alter pertained solely to Criterion 10, this Court is without jurisdiction and should dismiss all of Applicants' questions, except Question 8 (the only question pertaining to Act 250 criterion 10).

We reject the contention that the wording of Applicants' Notice of Appeal limits our jurisdiction to the question of conformance with Act 250 criterion 10. Applicants' notice states that the appeal "concerns the denial of an Act 250 permit [application] for the operation of a wilderness therapy program on a 25-acre tract owned by Barefoot/Zweig off Dana Hill Road in the Town of Waitsfield." Although it would have been advisable and helpful for Applicants to include the precise title of the December 20, 2011 decision within the narrative of their Notice of Appeal, the quoted statement, taken in the context of the rest of the document, is sufficient to identify the act or decision appealed from, as required under V.R.E.C.P. 5(b)(3).

The Vermont Supreme Court has instructed that "[s]tatutes giving and regulating the right of appeal are remedial in nature and should receive a liberal construction in furtherance of the right of appeal." In re Preseault, 130 Vt. 343, 346 (1972). "If a litigant files in a timely fashion a document that specifically indicates an intent to appeal and gives sufficient notice of

that intent, there is compliance with the requirement to file a notice of appeal." In re Shantee Point, Inc., 174 Vt. 248, 259 (2002) (discussing V.R.A.P. 3); see also Reporter's Notes, V.R.E.C.P. 5 (V.R.E.C.P. 5(b)(3), which governs the contents of a notice of appeal, is based on V.R.A.P. 3(d)).

Applicants' reference to the Commission's decision on the motion to alter was proper, as it alerted this Court to the final decision in the Act 250 permit appeal case triggering the appeal period. Indeed, such a reference is appropriate because both the Vermont Rules of Appellate Procedure and the Act 250 Rules state that the time period for filing an appeal is affected by the filing of a motion to reconsider or amend judgment, and the full time for appeal will commence upon entry of a decision on that motion. V.R.A.P. 4(b); Act 250 Rule 31(A). See also Hospitality Inns v. So. Burlington R.I., 149 Vt. 653, 656, (1988) ("[A] final judgment is a prerequisite to appellate jurisdiction.")

Applicants' motion to dismiss falls under V.R.C.P. 12(b)(6), as it seeks dismissal of the contested questions for their failure to state issues upon which the Court can grant relief. Because Applicants' Notice of Appeal gave sufficient notice as to the decision on appeal, our ability to grant relief is not limited to Question 8 only.

For the reasons stated above, Ms. Perot's motion to dismiss Applicants' Questions 1, 2, 3, 4, 5, 6, 7, and 9 is **DENIED**. Ms. Perot has also filed a separate motion to dismiss Applicants' Question 9 on separate grounds. We address that motion in a separate Entry Order, also issued today.

There are two other motions pending in this appeal: (1) a motion for party status filed by Ms. Perot and (3) a motion to dismiss Ms. Perot's Statement of Questions, filed by Applicants Thomas Barefoot III, Joni Zweig, and the True North Wilderness Programs, LLC. Because of the overlapping filings pertaining to these motions, all motions were placed under advisement on October 15, 2012. The Court is in the process of researching and drafting responses to the three remaining motions.

_____          _____December 21, 2012_____
        Thomas S. Durkin, Judge                              Date

========================================================================

Date copies sent: _____                          Clerk's Initials _____

Copies sent to:

  Atty Geoffrey H. Hand for Applicants Thomas Barefoot III, Joni Zweig, & True North Wilderness Program, LLC
  Attorney Rebecca Boucher, Co-Counsel for Applicants
  Attorney Catherine Gjessing for the Vermont Agency of Natural Resources
  Attorney David Grayck for Cross Appellant Frances Kincaid Perot
  Attorney Peter Gill for Interested Person Natural Resources Board/LU Panel.