VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 98-7-17 Vtec



| Poultney Properties LLC Change of Use & SP App. |
| --- |

## ENTRY REGARDING MOTION

Title:    Motion to Dismiss (Motion: 2)
Filer:    Attorney David R. Cooper for Poultney Properties, LLC
Filed Date:      October 05, 2020
Responses in Opposition filed by Interested Persons on the following dates: October 13, 2020 by Neal C. Vreeland; October 14, 2020 by Concerned Citizens of Poultney; October 15, 2020 by Linda S. Pepler; October 16, 2020 by John G. Swenor; October 18, 2020 by Rebecca L. and Walter J. Ribeiro

The motion is DENIED IN PART.

Applicant's motion to dismiss parties is **DENIED** as to Concerned Citizens of Poultney. Within 30 days of this Order, Neal Vreeland, John Swenor, Linda Pepler, and Rebecca and Walter Riberio may file representations of material fact and memoranda of law as to why they are entitled to intervene in this appeal pursuant to 10 V.S.A. 8504(n)(6) and V.R.C.P. 24. All other parties are afforded an opportunity to respond to any filings that Neighbors submit, in accordance with the V.R.C.P.

Poultney Properties, LLC (Applicant) appeals the partial denial of its application for change of use and site plan approval by the Town of Poultney Development Review Board (DRB).[1] Several individual neighbors (Neighbors), along with a group of Poultney residents called the Concerned Citizens of Poultney (CCP), filed appearances as interested persons in the appeal to oppose the application.[2] Before the Court is Applicant's motion to dismiss Neighbors and CCP from the appeal, challenging their interested person status and standing.

---

[1] The DRB denied Poultney Properties' application for a retail store located at 61 Beaman Street, Poultney, Vermont (the Project).

[2] The individual neighbors participating as interested persons include Neal Vreeland, John Swenor, Linda Pepler, and Rebecca and Walter Riberio.

In this matter, Applicant is represented by David R. Cooper, Esq., and Paul S. Kulig, Esq. The Town of Poultney (Town) is represented by Gary R. Kupferer Esq. Mr. Vreeland, Mr. Swenor, Ms. Pepler, and Mr. and Mrs. Riberio are self-represented. CCP is represented by its spokesperson, Charles Hall.

## Discussion

Applicant's motion challenges the standing of the individual Neighbors and CCP to appear in this appeal. A party's standing is a question of subject matter jurisdiction. Brod v. Agency of Nat. Res., 2007 VT 87, ¶ 8, 182 Vt. 234 (citation omitted). Therefore, we review the motion under the standard of review afforded by V.R.C.P. 12(b)(1). In re Main St. Place LLC, Nos. 120-7-10 Vtec, 191-11-10 Vtec, et. al., slip op. at 2 (Vt. Super. Ct. Envtl. Div. Jun. 19, 2012) (Durkin, J.). That is, we accept as true all uncontroverted factual allegations and construe them in a light most favorable to the nonmoving party. Rheaume v. Pallito, 2011 VT 72, ¶ 2 (mem.).

Though the pending motion is framed as a broad standing challenge, it seeks dismissal of Neighbors based on the "interested person" requirements set forth in 24 V.S.A. § 4465(b)(3) and dismissal of CCP under constitutional standing principles. As we recently explained in the Capitol Plaza case, "the statutory requirements [to qualify as an interested person] may coexist and overlap with constitutional standing requirements, but they are not the same." See Capitol Plaza 2-Lot Subdivision & Major Site Plan, Nos. 3-1-19 Vtec and 4-1-19 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. Nov. 12, 2019) (Walsh, J.). Thus, as Applicant's motion requests, we must evaluate whether Neighbors qualify as interested persons under § 4465(b)(3) and whether constitutional standing requirements foreclose CCP's participation in this matter.

Before going further, it is important to clarify the roles of the various parties as they currently stand. Applicant claims that Neighbors and CCP are "intervenors," while Neighbors and CCP appear to think of themselves as "appellees." The zoning review and appeal process, by its very nature, is distinct from typical litigation involving two adversarial parties. In zoning matters, there is generally an applicant, an administrative body charged with reviewing the application for compliance with local regulations, and other parties potentially affected by the proposed development who are provided opportunities to participate in the process. The proceeding at the municipal level and on appeal is not always adversarial in the traditional sense, therefore zoning appeals can take shape in ways which appear at odds with traditional notions of party roles and the mechanics of litigation.

Applicant brought this appeal after the DRB below denied its application. Thus, Applicant is the appellant. The Town is a party by right on appeal. 10 V.S.A. § 8502(5)(C). Neighbors and CCP participated before the DRB as interested persons, and upon entering their appearance in this appeal, were automatically accorded "party status" as specified in V.R.E.C.P. 5. See V.R.E.C.P. 5(c) ("[A]ny person enumerated in 10 V.S.A. 8504(n)(1)–(3) may file and serve an appearance in a timely fashion."); 10 V.S.A. 8504(n)(1) (describing persons who "appeared as a party in the action appealed from and retained party status"); V.R.E.C.P. 5(d)(2) ("Any . . . person who appears as provided in [V.R.E.C.P. 5(c)] will be accorded party status unless the court otherwise determines on its own motion, on a motion to dismiss a party, or on a motion to intervene.").

Thus, it is most accurate to simply acknowledge that Neighbors and CCP are non-appellant parties in this appeal. At this stage of the proceeding they are not intervenors, and while it is convenient to refer to them as appellees because they oppose Applicant's proposal and support the DRB's decision denying the application, we note that the designation of appellee in zoning appeals does not always carry the same connotations as it does in other litigation. In any case, Neighbors and CCP were parties of record below and exercised their right to file appearances as interested persons in the pending appeal. See V.R.E.C.P. 5(c) (governing appearances); 24 V.S.A. § 4471(c). Applicant now asks us to determine whether they have standing to maintain their participation in this matter. We begin with Neighbors' qualifications as interested persons.

I.     Whether Neighbors Qualify as Interested Persons

Neighbors have been accorded party status due to their participation as interested persons below, but Applicant now argues that Neighbors must be dismissed because they no longer qualify under requirements of 24 V.S.A. § 4465(b)(3). See V.R.E.C.P. 5(d)(2) (contemplating challenges to party status). To qualify, Neighbors must: (1) own or occupy property in "the immediate neighborhood" of the subject property; (2) "demonstrate a physical or environmental impact on [their] interest under the criteria reviewed"; and (3) allege that "the decision or act [of the municipality], if confirmed, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality." 24 V.S.A. § 4465(b)(3). Applicant contends that Neighbors cannot satisfy the third element, because they do not allege that the DRB's decision is inconsistent with the policies, purposes, or terms of the Town Plan or applicable regulations in the Poultney Unified Bylaws (Bylaws).

Neighbors do not dispute the fact that they support, rather than oppose, the DRB's decision to deny the Project. In other words, Neighbors are seeking confirmation of the denial. They clearly state their position, principally through the filing of Mr. Vreeland, that the application at issue does not comply with the Bylaws.[3] In the Wright & Boester case, a group of neighbors who took a similar position intervened as interested persons in support of a denial issued by the Town of Greensboro DRB. See In re Wright & Boester CU, No. 31-3-18 Vtec (Vt. Super. Ct. Envtl. Div. Mar. 28, 2019) (Durkin, J.). There, we considered whether the requirement in § 4465(b)(3) to allege that "the decision or act" is not in conformance with the relevant bylaws could be read to include the term "application." Id. at 3–4. We concluded that such a reading would run contrary to the plain meaning of the terms "decision" and "act" and the legislative intent of § 4465(b)(3). Id. Thus, although the result appeared "draconian," we concluded that the neighbors failed to demonstrate they were interested persons pursuant to § 4465(b)(3). Id. at 5.

The reasoning in Wright & Boester applies with equal force here: in short, the plain language of § 4465(b)(3) contemplates only persons who oppose the decision or act of the DRB. See id. at 3–4; 24 V.S.A. § 4465(b)(3). Neighbors' position in support of the DRB's decision therefore precludes their participation as interested persons pursuant to § 4465(b)(3).

---

[3] Mr. Swenor, Ms. Pepler, and the Rebeiros indicate that they adopt Mr. Vreeland's arguments in opposition to the pending motion.

Nonetheless, Neighbors assert that they have cognizable interests which are sufficient to maintain their position in this appeal. They participated in the process below, and though they have not provided detailed factual representations, they assert that they are adjoining landowners or persons living in the local community who can demonstrate the threat of adverse impacts to their interests. We also note that Neighbors are self-represented and their participation in this appeal has been unchallenged since 2017.

As we noted in Wright & Boester, qualifying as an interested person is not the only avenue to participate in another's zoning appeal. See Wright & Boester, No. 31-3-18 Vtec at 5 (Mar. 28, 2019). There is a significant difference in the requirements for a party seeking to bring an appeal before this Court and a party seeking to participate in the appeal of another.

Those who seek to bring an appeal in the first instance must qualify as an interested person under one of the subsections of § 4465(b). See 24 V.S.A. § 4471(a); 24 V.S.A. §§ 4465(b)(1)–(5). By contrast, 10 V.S.A. § 8504(n) provides several alternatives for intervention in a pending appeal, only one of which is qualification as an interested person. See 10 V.S.A. §§ 8504(n)(1)–(6); Wright & Boester, No. 31-3-18 Vtec at 5 (Mar. 28, 2019). One such alternative is intervention under V.R.C.P. 24, where intervention as of right must be granted if it is (1) timely; (2) the intervenor has "an interest relating to the property or transaction" that is the subject of the underlying action; (3) the intervenor would be impaired or impeded in his or her ability to protect that interest depending on the outcome of the action; and (4) the intervenor's interest is not adequately represented by the existing parties. V.R.C.P. 24(a); 10 V.S.A. § 8504(n)(6); see also State v. Quiros, 2019 VT 68, ¶ 16 n.3.

Considering the present circumstances together with Neighbors' assertions, and consistent with this Court's obligation to ensure a full and fair determination in all proceedings, we allow Neighbors 30 days from the issuance of this order to file representations of material fact and memoranda of law as to why they are entitled to intervene in this appeal pursuant to 10 V.S.A. 8504(n)(6) and V.R.C.P. 24. All other parties shall be afforded an opportunity to respond to any filings that Neighbors submit, in accordance with the V.R.C.P. We next address Applicant's motion as to CCP.

II.     Whether CCP Should Be Dismissed for Lack of Constitutional Standing

Applicant argues that CCP lacks standing to participate in this appeal because its members cannot demonstrate the necessary interest in, or injury from the Project to show constitutional standing. CCP contends that it qualifies as an interested person pursuant to 24 V.S.A. 4465(b)(4), and therefore should not be dismissed.

"The standing requirement originates in Article III of the United States Constitution, which states that federal courts have jurisdiction only over actual cases or controversies." Parker v. Town of Milton, 169 Vt. 74, 76–77 (1998). Vermont has adopted this principle, such that "Vermont Courts have subject matter jurisdiction only over actual cases or controversies." Bischoff v. Bletz, 2008 VT 16, ¶ 15, 183 Vt. 235 (quotation omitted). Generally, "[t]he existence of an actual controversy turns on whether the plaintiff is suffering the threat of actual injury to a protected legal interest." Parker, 169 Vt. at 77 (quotation omitted).

In support of its challenge to CCP's standing, Applicant cites the <u>Capitol Plaza</u> decision where this Court recognized the importance of the standing inquiry in ensuring a justiciable case or controversy and concluded that "parties appealing as a group-of-ten under § 4465(b)(4) must satisfy both statutory requirements and constitutional standing principles." <u>Capitol Plaza</u>, Nos. 3-1-19 Vtec and 4-1-19 Vtec at 7 (Nov. 12, 2019). The decision acknowledged that the "irreducible constitutional minimum" of standing applies to parties appealing from an adverse zoning decision just as it does to plaintiffs in other matters. See <u>id</u>. at 5 (quoting <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 560 (1992)). Here, CCP is situated quite differently from the appellants in <u>Capitol Plaza</u>: as CCP argues, it is not an appellant but rather a party appearing in response to Applicant's appeal. See <u>Capitol Plaza</u>, Nos. 3-1-19 Vtec & 4-1-19 Vtec at 5 (Nov. 12, 2019) (holding that statutory requirements for interested persons do not "eliminate the need for appellants to demonstrate the elements of constitutional standing when challenged"). Because CCP is not an appellant, the question becomes whether the constitutional standing doctrine applies to non-appellant parties participating in a pending appeal.[4]

As the Vermont Supreme Court has stated, "[t]he 'gist of the question of standing' is whether plaintiff's stake in the outcome of the controversy is sufficient 'to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends . . . .'" <u>Turner v. Shumlin</u>, 2017 VT 2, ¶ 10, 204 Vt. 78, 87 (quoting <u>Baker v. Carr</u>, 369 U.S. 186, 204 (1962)). This aligns with the principle that "[t]he party *invoking* [the Court's] jurisdiction bears the burden of establishing" the constitutional elements of standing. See <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 561 (1992) (emphasis added); see also <u>In re Bennington Wal-Mart Demolition/Const. Permit</u>, No. 158-10-11 Vtec, slip op. at 7 (Vt. Super. Ct. Envtl. Div. Apr. 24, 2012) (Walsh, J.) ("Whether the Court is presented with a case or controversy turns partially on whether the party bringing a claim has standing to do so."). The United States Supreme Court recently explained that "[t]he standing requirement . . . must be met by persons seeking appellate review," and indicated that the roles of intervenor-defendants or appellees did not "entail[] invoking a court's jurisdiction" therefore "it was not . . . incumbent" on them to show

---

[4] Applicant maintains that CCP is an intervenor, and points to the following language in <u>Capitol Plaza</u>: "We have recognized that the Court does not have jurisdiction to adjudicate cases where plaintiffs and intervenors have not established the minimum constitutional elements of standing." <u>Id</u>. at 3 (citing <u>In re Diverging Diamond Interchange SW Permit</u>, Nos. 50-6-16 Vtec and 169-12-16 Vtec, slip op. at 51–52 (Vt. Super. Ct. Envtl. Div. June 1, 2018) (Walsh, J.), *rev'd in part on other grounds,* 2019 VT 57.

Though intervenors are mentioned in passing, the issue of constitutional standing for intervenors was not before the Court in that case, and we take this opportunity to note that the statement was overbroad. See <u>Capitol Plaza</u>, Nos. 3-1-19 Vtec & 4-1-19 Vtec at 5 (Nov. 12, 2019) (reaching conclusions with respect to appellant standing, not intervenors). The Court cited <u>Diverging Diamond Interchange</u>, which concerned appellant standing and the interplay between constitutional standing principles and the requirements for party status under Act 250. See <u>Diverging Diamond Interchange</u>, Nos. 50-6-16 Vtec and 169-12-16 Vtec, slip op. at 51–52 (June 1, 2018).

Furthermore, CCP is not an intervenor in this case. Though its role may be analogous to that of an intervenor in some ways, CCP is currently considered an interested person under 24 V.S.A. 4465(b)(4) with statutory rights to be heard before the DRB and to appear as a party in this appeal. See 24 V.S.A. § 4468 (interested persons under § 4465 "may appear and be heard" before the DRB); 24 V.S.A. § 4471(c) (interested persons shall be notified of a pending appeal and granted leave to intervene if they have not appeared as parties).

standing. See <u>Virginia House of Delegates v. Bethune-Hill</u>, 139 S. Ct. 1945, 1951 (2019) (quotation omitted) (discussing the standing of an appellant who had previously participated as an intervenor and appellee in earlier proceedings); see also <u>U.S. Dep't of Labor v. Triplett</u>, 494 U.S. 715, 732 (1990) (Marshall, J., concurring) ("Because respondent has not invoked the authority of any federal court, then, federal standing principles are simply inapplicable to him.").

Here, it is Applicant who invokes this Court's authority and seeks relief from the DRB's decision. Applicant has not offered any reason to require non-appellant parties like CCP to satisfy standing requirements beyond those outlined in statute. See 24 V.S.A. § 4465(b)(4). We imagine Applicant would agree that the DRB's denial below provides Applicant with a sufficient stake in the outcome to demonstrate constitutional standing and, by extension, the existence of a justiciable case or controversy in this appeal. Assuming that to be true, we do not see how CCP's participation as an interested person would deprive the Court of subject matter jurisdiction. See <u>Bischoff v. Bletz</u>, 2008 VT at ¶ 15 (quotation omitted) ("Vermont courts have subject matter jurisdiction only over actual cases or controversies . . . .").

Even if we were to accept Applicant's contention that CCP is an intervenor in this appeal, it is not clear that constitutional standing requirements would apply. Though guidance from the Vermont Supreme Court is limited, we note that there has been a circuit split in the federal courts on the question whether intervenors must satisfy constitutional standing in addition to traditional intervention requirements. See, e.g., <u>Diamond v. Charles</u>, 476 U.S. 54, 68 n.21 (1986) ("The Courts of Appeals have reached varying conclusions as to whether a party seeking to intervene as of right must himself possess standing."). The issue was clarified somewhat by a recent decision of the United States Supreme Court, stating: "For all relief sought, there must be a litigant with standing, whether that litigant joins the lawsuit as a plaintiff, a coplaintiff, or an intervenor of right. Thus, at the least, an intervenor of right must demonstrate Article III standing when it seeks additional relief beyond that which the plaintiff requests." <u>Town of Chester, N.Y. v. Laroe Estates, Inc.</u>, 137 S. Ct. 1645, 1651 (2017).

Though the reasoning of the Court in that case is applicable only by analogy if at all, we can identify two relevant points. First, the focus of the standing inquiry remains on the plaintiff, and second, intervenors may not need constitutional standing to litigate issues already raised by "a litigant with standing." See <u>id</u>. Here, no one has challenged Applicant's standing to appeal and raise issues in its Statement of Questions. No one has challenged the Town's standing to appear as a party. As the scope of this appeal is limited by the appellant's Statement of Questions, there is a litigant with standing as to all relevant issues. See <u>In re Jolley Assocs.</u>, 2006 VT 132, ¶ 9, 181 Vt. 190, 194 (issues on appeal are limited to the Statement of Questions and matters intrinsic to the Statement of Questions). Thus, even if CCP is treated as an intervenor, we cannot identify a clear reason to require a showing of constitutional standing.

At this point we must note that the bulk of the analysis above arises not from Applicant's arguments, but rather this Court's independent obligation to assure itself of subject matter jurisdiction. V.R.C.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Applicant's argument relies almost entirely on <u>Capitol Plaza</u>, which is easily distinguished from

the present case. See Capitol Plaza, Nos. 3-1-19 Vtec & 4-1-19 Vtec at 3–5 (Nov. 12, 2019) (discussing appellant standing).  To be sure, the issue of constitutional standing is multi-faceted. Nonetheless, Applicant has not offered and the Court cannot identify a reason to dismiss CCP on grounds related to constitutional standing or justiciability.

We therefore return to the applicable law regarding CCP's participation as a non-appellant party in this appeal.  Applicant has not challenged CCP's qualification as an interested person pursuant to 24 V.S.A. § 4465(b)(4).  As an interested person who participated in the proceeding below, CCP is entitled to participate in a pending appeal before the Environmental Division.  See 24 V.S.A. §§ 4465(b)(4), 4471(c); 10 V.S.A. § 8504(n)(5); V.R.E.C.P. 5(c); see also, e.g., In re Burns 12 Weston Street NOV, No. 75-7-18 Vtec, slip op. at 3-4 (Vt. Super. Ct. Envtl. Div. Apr. 5, 2019) (Durkin, J.) (stating that a group could participate as a non-appellant interested person pursuant to 24 V.S.A. § 4465(b)(4)).  Furthermore, this is a *de novo* proceeding where the case and evidence is "heard anew, and the probative effect determined by the appellate [court] as though no decision had been previously rendered."  In re Poole, 136 Vt. 242, 245 (1978).  As the Vermont Supreme Court has said in a similar context, "[a] de novo proceeding contemplates those parties who had an interest in the original proceeding being allowed to appear and participate" on appeal.  See In re Preseault, 130 Vt. 343, 348 (1972) (recognizing the intent of the Legislature to allow adjoining landowners to participate in Act 250 hearings before the former Environmental Board).

The Legislature has provided that a group of "ten . . . voters or real property owners within [the] municipality" who signed an appropriate petition to the DRB below and participated in the DRB proceedings have the requisite interest to appear and participate on appeal.  See 24 V.S.A. §§ 4465(b)(4), 4471(c); 10 V.S.A. § 8504(n)(5); V.R.E.C.P. 5(c); see also In re Burns 12 Weston Street NOV, No. 75-7-18 Vtec at 2 (Apr. 5, 2019).  In contrast to the Capitol Plaza case which recognized constitutional requirements for appellants to initiate an appeal, we have not identified an impediment to the Court's jurisdiction caused by CCP's ongoing participation.  See generally Capitol Plaza, Nos. 3-1-19 Vtec & 4-1-19 Vtec (Nov. 12, 2019).  As such, we will not second-guess CCP's interest, as recognized by statute, in participating as a non-appellant party. For all the reasons above, we conclude that constitutional standing requirements do not foreclose CCP's participation in this appeal.  Applicant's motion is **DENIED** to the extent it seeks the dismissal CCP as a party.

## Conclusion

For the foregoing reasons, Applicant's motion to dismiss parties is **DENIED** as to interested person CCP.

To continue participating in this matter, within 30 days of this Order, the individual Neighbors (Neal Vreeland, John Swenor, Linda Pepler, and Rebecca and Walter Riberio) may file representations of material fact and memoranda of law as to why they are entitled to intervene

in this appeal pursuant to 10 V.S.A. 8504(n)(6) and V.R.C.P. 24.  All other parties are afforded an opportunity to respond to any filings that Neighbors submit, in accordance with the V.R.C.P.

Electronically Signed:  2/4/2021 9:56 AM pursuant to V.R.E.F. 9(d).

Thomas G. Walsh, Judge
Superior Court, Environmental Division